THE LAUREL SPRINGS LAND COMPANY et al., appellants,

*v.*

RENE J. FOUGERAY, respondent.

[Filed November 14th, 1898.]

1. The treasurer of a company, who, with the company's consent, deposits its funds in bank to his credit as treasurer, is entitled to allowance for so much of the deposit as was lost by the failure of the bank, in accounting with the company.

Laurel Springs Land Co. *v.* Fougeray.

2. The treasurer of a company is not chargeable with interest on the funds of the company in his hands, unless it be shown that he used them for his own purposes, or that he used them or ought to have used them in such a way as to earn interest.

3. When, on appeal respecting an account, a charge complained of by the appellant is struck out, credits which are so connected with the charge as to require adjustment with it must likewise be considered, although they are not made the subject of direct appeal.

On appeal from a decree on an accounting in *Fougeray* v. *Cord et al.*

*Mr. John F. Harned* and *Mr. David J. Pancoast*, for the appellants.

*Mr. Fougeray, pro se,* and *Mr. C. V. D. Joline,* for the respondent.

The opinion of the court was delivered by

DIXON, J.

The general features of this cause may be found in *5 Dick. Ch. Rep. 185, 756;* it is now before this court on appeal from parts of the decree settling the account there directed.

The first ground of appeal is that the court of chancery refused to allow the appellant Korb, in his account with the Laurel Springs Land Company, as its treasurer, the sum of $423.96, which was lost April 30th, 1890, by the failure of a bank in which, with the consent of the company, it was deposited to the credit of " Charles Korb, Treasurer." The reason given for this refusal is that the company then had not that sum or any sum of money on hand, and therefore the credit must have represented the funds of some other owner. The same reason is now suggested in support of the decree.

The testimony shows that this reason is not true in fact. Korb swears that the balance so on deposit belonged to the company; the expert accountant employed by the complainant testifies that, according to the company's books, there was then in the company's treasury a cash balance of $576.13; the account prepared by the master to whom the court had referred the

accounting shows that up to June 30th, 1890, the company had received in cash $2,088.96 more than it had paid out. Against these circumstances we find no evidence supporting the assertion that the credit in the bank could not have belonged to the company.

This item should be credited to the appellant.

The next ground of appeal is because Korb, the treasurer, is charged with interest on the balances of corporate funds in his hands on June 14th, 1891, and annually thereafter, from the date of the balance to June 14th, 1897, when the decree below was made.

The bill in this case was filed September 23d, 1890, against the company, its president, Cord, and its treasurer, Korb, and at once by a restraining order and thereafter by an injunction the defendants were enjoined from disposing of the money or other assets of the company. This restraint continued until January, 1894, when, on appeal, the injunction was dissolved. The decree made January 19th, 1894, required the defendants, within thirty days thereafter, to state an account of receipts and disbursements, according to the prayer of the bill, up to the date of the decree, and directed that immediately on the confirmation of the account by the court the company should declare a dividend of all the net earnings of the company not needed for the legitimate purposes of the company's business. This account was promptly presented by the defendants, and the decree now under review is that by which it was settled and confirmed.

It thus appears that from June, 1891, when under the decree interest begins to run, until January, 1894, the treasurer, Korb, as well as the other defendants, was forbidden by injunction to dispose of the company's funds, and, of course, had no right to invest them, and that from January, 1894, until the making of the decree, in June, 1897, it was their duty to keep them ready to meet such dividend as might be declared pursuant to the decree of January, 1894. During the whole period Korb held the money as a mere depositary of the company whose treasurer he was, and had no other duty with respect thereto than that of a custodian. It is not claimed that he actually made use of the funds or that in any way they were a source of profit to him.

Under these circumstances we perceive no ground for charging him with interest, and this charge should be struck out.

The third ground of appeal is that the salaries allowed to Cord, as president, and Korb, as secretary and treasurer of the company, are insufficient. We think that the sums mentioned in the decree are adequate.

In a statement appended to and approved by the decree, these officers are credited with interest upon their salaries as if annually payable. While the company was allowed interest upon the yearly balances in the hands of the treasurer, this might have been equitable. But as we eliminate the charge for interest, we should also disallow the corresponding credit. These officers were the active managers of the company, and they have known during all this litigation that there was money enough lying idle in the treasury to pay them whatever compensation they had earned. They were also parties in the cause, and therefore able to apply to the court at any time to fix and pay the compensation due. Equitably it was not payable until it was thus fixed, and that it was not fixed sooner is wholly the fault of the officers themselves. We think their acquiescence in thus leaving it in the treasury, where they knew it was profitless to the company, precludes them from claiming that it was earning interest for them.

Although this credit of interest has not been expressly appealed from, yet it seems to be so interwoven with the matters which are the direct subjects of appeal as to require adjustment jointly with them. If, therefore, the appellants accept our judgment regarding the charges of interest, they must likewise accept it as to the credits of interest.

Let the decree below be modified in accordance with these views. ·

*For reversal and modification*—The Chief-Justice, Collins, Depue, Dixon, Garrison, Lippincott, Ludlow, Van Syckel, Adams, Bogert, Hendrickson, Nixon—12.

*For affirmance*—None.