# LAMBERTON BUILDING & LOAN ASSOCIATION v. NATIONAL SURETY COMPANY.[1]

June 7, 1929.

No. 27,509.

John B. LaDue and A. C. Dolliff, for appellant.

Doherty, Rumble, Bunn & Butler and R. O. Sullivan, for respondent.

STONE, J.

This action on a bond for the fidelity of one Miesen as treasurer of plaintiff corporation was tried without a jury and decided below for defendant. Plaintiff appeals from the order denying its alternative motion for amended findings or a new trial.

The bond was in the sum of $5,000 and bound Miesen as principal and defendant as surety to reimburse plaintiff "for any direct loss sustained * * * through the failure of the principal to perform faithfully and honestly the duties of any office or position occupied and account for all funds and property coming into the hands of the principal." The action is to recover $1,072.39 belonging to

[1]Reported in 225 N. W. 724.

plaintiff which was deposited in the New First National Bank of Lamberton in Redwood county. April 26, 1927, that bank went into liquidation. There is a finding that all the funds of plaintiff which came into the hands of Miesen as its treasurer were "deposited and kept" in the New First National Bank of Lamberton "with the knowledge, consent and approval of the plaintiff * * * and that said Miesen made said deposits and kept said funds in said bank in good faith and without negligence or fault on his part."

The argument for plaintiff is that inasmuch as the bond obligated Miesen to "account for all funds" coming into his hands it required payment from him of the money now in question, and that his obligation was not fulfilled and his surety not discharged because the money was deposited in a depository chosen by the corporation. Plaintiff would have us construe the bond as one of indemnity against loss of money, even one occurring through no dishonesty, unfaithfulness or other default on the part of the treasurer himself. We cannot go that far. It is "a settled rule of law" that a surety is not liable beyond the terms of his contract. Tomlinson v. Simpson, 33 Minn. 443, 446, 23 N. W. 864. The rule that his undertaking is strictissimi juris has been relaxed in accommodation to the evolution of fidelity bonds of paid sureties into a species of insurance, bought and paid for as such. In cases of ambiguity the contract is construed against the insurer. But even a paid surety who issues a bond as a species of insurance is entitled to stand on the contract and to have it construed reasonably. Fay v. Bankers Surety Co. 125 Minn. 211, 214, 146 N. W. 359, Ann. Cas. 1915C, 688.

The argument, that Miesen's obligation to "account for all funds" was to pay them to plaintiff at all hazards and in any event, ignores the context. The whole obligation was "to perform faithfully and honestly the duties of any office or position occupied and account for all funds and property." It was Miesen's duty to deposit plaintiff's funds in the depository chosen by it. He would have been guilty of breach of duty had he not done so. Miesen himself is not liable for any loss arising through the performance of his duty and resulting not from any fault on his part but from the failure of

the depository chosen by plaintiff. In a similar case it was said that a treasurer could not be held liable because his act in making such a deposit was "fully ratified by the plaintiff." N. Y. P. & B. R. Co. v. Dixon, 114 N. Y. 80, 87, 21 N. E. 110. In such a case the treasurer, having put the company's money in a depository selected by it, is not chargeable with the loss resulting by failure of that depository. He makes sufficient accounting of the lost moneys by showing that he deposited them where the corporation required them to be deposited. Laurel Springs Land Co. v. Fougeray, 57 N. J. Eq. 318, 41 A. 694. See also Booth v. Dexter Steam Fire Engine Co. 118 Ala. 369, 24 So. 405. The principal fully complied with his bond and faithfully performed his duty to plaintiff. So the decision below for defendant surety is right.

Order affirmed.