(72 App. Div. 71.)

### UNDERHILL v. JORDAN et al.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. ACCOUNTING—QUASI TRUST FUNDS—AGENT'S LIEN.
    Where an agent is acting in a fiduciary capacity in the management of a quasi trust fund, it is not essential to the maintenance by him of an equitable action for an accounting with his principal that there should exist in his favor a lien on the fund.

2. SAME—RIGHT OF ACTION.
    Plaintiff, in an action for an accounting, averred that he was the agent of defendants in the management of a trust fund; that from time to time he had rendered accounts, and paid over money to defendants; that there had never been a final settlement between them; and that in the course of such business he had advanced money for expenses, and claimed a specified amount for services. Held that, as defendants could have maintained an equitable action for an accounting of such fund, plaintiff had the reciprocal right to maintain the same action, and a general demurrer to his complaint should not have been sustained.

3. SAME—AGENT'S LIEN.

    An agent acting in a fiduciary capacity in the management of a quasi trust fund, which, if paid over by him to his principals, will be removed from the jurisdiction of the court, so as to prevent him from collecting a claim for services and expenses and disbursements paid out in its management, has an equitable lien on such fund, at least to the extent of his claim for expenses and disbursements.

Appeal from special term, New York county.

Action for an accounting by Edward C. Underhill against Nina Jordan and another. From a judgment for defendants, plaintiff appeals. Reversed.

The complaint in this action avers that the plaintiff, from about the 30th day of April, 1886, to on or about the 11th day of May, 1901, acted as the agent, factor, and manager of the defendants under authority of a written power of attorney; that plaintiff, under such power of attorney, had the entire management of the property of said defendants, the corpus of which originally amounted to $87,766, and that by his judicious handling of the same it increased to the sum of $93,266; that during the time that plaintiff has been so employed he has received and collected the sum of $159,109.42, all of which he has turned over to the defendants, except the sum of $7,955.-42, which he now has in his possession, and upon which he claims a lien for his services and expenses paid in the management of said agency; that plaintiff believes that the reasonable value of his said services is $7,955.42; that he is ready, willing, and able to account for and pay over to said defendants so much of said sum as the court shall decide, in case it shall decide he is not entitled to the whole thereof; that no agreed price has ever been fixed upon with defendants for his said services, and that he has necessarily expended in the management of said property the sum of $5,592, for which he has had no recompense; that defendants during all the times aforesaid had been, and now are, residing in Europe, and that he fears that, if he should not claim a lien upon the amount retained for his services and expenses, and should pay over the same to the defendants, they would remove the same out of the jurisdiction of this court, and that said defendants could only be served with process in a foreign jurisdiction. Wherefore plaintiff demands judgment for $13,547.98, and that plaintiff's lien upon the said sum of $7,955.42 for the amount of the value of said services and disbursements be defined and enforced against said sum; that plaintiff have judgment against said defendants for whatever sum he may be entitled to above said sum of $7,955.42; and that the defendants be restrained from interfering with said last-mentioned sum until the determination of this action; and for such other and further relief as to the court shall seem just and equitable. The defendants demurred to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action, which demurrer the court below sustained, and from the judgment entered therein dismissing the complaint this appeal is taken.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

J. Alexander Koones, for appellant.
Joseph G. Deane, for respondents.

HATCH, J. The learned trial court, in making disposition of the issue of law raised by the demurrer, seems to have based its conclusion upon the ground that the complaint did not plead an equitable cause of action, for the reason that the plaintiff had no lien upon the fund in his hands, and also because he had an adequate remedy at law; and, further, that the complaint could not be sustained as an action at law to recover for services rendered without

disregarding the substantial averments of the complaint and the prayer for relief. It is not necessary, in support of the conclusion at which we have arrived, to determine whether the averments of the complaint, coupled with the prayer for relief, state a legal cause of action or not. Nor is it absolutely essential to the maintenance of an equitable action for the relief demanded in this complaint that there should exist a lien upon the fund in plaintiff's hands. It is clear, from the averments of the complaint, that the plaintiff has established that there existed between himself and the defendants the relation of principal and agent of such a character as constituted the plaintiff a quasi trustee for the defendant, and such relation, within the doctrine announced in Marvin v. Brooks, 94 N. Y. 71, would have entitled the defendants to maintain an equitable action to procure an accounting of the plaintiff's acts in dealing with the trust funds intrusted to his care and management. While it is true that the existence of a bare agency is not sufficient upon which the equitable jurisdiction of the court can be invoked, yet where the agent's duties are fiduciary in character, and involve a dealing with trust funds, he is regarded in the law as a quasi trustee, and may be called to account in a court of equity for his management of the trust fund; and in such action judgment may pass determining the respective rights and liabilities of the parties thereto, and adjusting the respective interests of the parties in and to the trust fund. In the present case the complaint avers in terms that the plaintiff acted for the defendants as agent, factor, and manager, and this averment is accompanied by facts showing wherein and how he managed the estate of the defendants; that from time to time he rendered to them accounts of the conduct of the business, and from time to time paid over money to the defendants arising out of such business, and that there has never been a final settlement and adjustment of accounts between the parties; that in the course of such business the plaintiff has advanced money for expenses connected with his management of the defendants' property, for which he has not been paid; and that the reasonable value of his services is a specified sum, for which he asks to be allowed. The authority which we have cited is clearly decisive of the proposition that the defendants could maintain an equitable action for an accounting based upon these facts. If the defendants could maintain such an action, then it must follow that the plaintiff has the reciprocal right to also maintain an action for the same purpose, as it would be clearly obnoxious to every principle of equity to hold that one party might invoke the aid of equity and that the other could not, although the rights and liabilities of each were governed by and arose out of the same transaction. It is quite evident that the complaint is inartificially drawn, but such fact does not defeat the plaintiff's rights in the premises, and furnishes no ground for a demurrer to his complaint. Enough appears to show the right to the equitable interposition of the court, and this is sufficient to resist the demurrer. Wetmore v. Porter, 92 N. Y. 76.

We are also of opinion that sufficient facts are alleged in this complaint to establish a lien in favor of the plaintiff upon the fund in question, at least to the extent of his claim for expenses and dis-

'bursements paid out by the plaintiff in its management. In Muller v. Pondir, 55 N. Y. 325, 14 Am. Rep. 259, it was said by Judge Allen:

"An agent may have a lien on the property of his principal for moneys advanced or liabilities incurred in his behalf; and, if moneys have been advanced or liabilities incurred upon the faith of the solvency of the principal, and he becomes insolvent while the proceeds and fruit of such advances or ·liability are in the possession of the agent, or within his reach, and before they have come to the actual possession of the principal, within every prin- ·ciple of equity the agent has a lien upon the same for his protection and indemnity. If necessary to his protection, the plaintiff would have been permitted to repudiate the agency, and assume that position which would best protect himself from loss by reason of the insolvency of his principal."

The evident reason why the lien is given is that by the expenditure ·made and liabilities assumed the agent has benefited the principal, and protected the fund, or, at least, improved the principal's condition. As the irresponsibility of the principal would defeat the right of the ·agent in securing reimbursement, equity raises out of such situation for his protection a lien upon the fund. It must follow, therefore, that whenever a condition exists which would cause loss to the agent if he parted with the funds in his hands, equity will interpose so far as to protect the agent's right in the premises, and raise out of the ,condition a lien upon the fund. The complaint avers that the de- fendants are residents of England, and that, if he parts with the pos- .session of the money, it will be removed beyond the jurisdiction of ·the court and its process. In such case the same reasons exist for supporting a lien upon the fund as would exist in the case of in- solvency. It seems clear, therefore, that this complaint states a per- fectly good cause of action for equitable interposition.

It follows that both the final and interlocutory judgments should be reversed, with costs to the plaintiff in this court and in the court below, and leave given to the defendants to answer within 20 days, upon the payment of such costs. All concur; VAN BRUNT, P. J., -on first ground stated in opinion.