(91 App. Div. 124.)

### JORDAN et al. v. UNDERHILL.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. ACTIONS—ACCOUNTING—OTHER ACTIONS—BAR.

Where, after the termination of an agency, the agent brought suit to have the value of his services determined, and declared a lien on certain property belonging to his principal, in his hands, the pendency of such action was no bar to a subsequent suit by the principal against the agent for an accounting.

2. SAME—RIGHT TO ACCOUNTING. '

Where, on a prior appeal of an action between the parties, it had been held that the relationship between plaintiff and defendant was fiduciary in character, and that defendant, as to his dealings with plaintiff's property as her agent, occupied the position of a trustee, as to which plaintiff was the cestui que trust, plaintiff was entitled to maintain an action to compel defendant to account for his acts and doings in the premises.

**3. SAME—ACTIONS—VEXATIOUSNESS.**

Where the relation between a principal and her agent was fiduciary in character, the fact that defendant from time to time had rendered accounts of his proceedings to plaintiff, and had transferred all the property and money in his hands belonging to plaintiff, except an amount which defendant retained to reimburse himself for his services, and had also rendered to plaintiff's agent subsequently appointed a complete account of all his acts, did not prevent plaintiff from maintaining a suit against defendant for an accounting on the ground that a further account would be vexatious.

**4. SAME—POWERS OF ATTORNEY—ACKNOWLEDGMENT—EVIDENCE—PREJUDICE.**

Where plaintiff's right to maintain an action against defendant for an accounting was not dependent on a power of attorney to another, alleged to have been improperly acknowledged in a foreign country, the introduction of such power in evidence over defendant's objection was without prejudice.

**5. SAME—FOREIGN ACKNOWLEDGMENT.**

Where a foreign acknowledgment of a power of attorney stated the venue as "Confederation of Switzerland, Canton de Vaud, City of Vevey —ss.," and recited that on the day named before C., consular agent of the United States in and for the city of Vevey, at said city of Vevey, personally appeared, etc., it substantially complied with Real Property Law, § 250, subd. 2 (Laws 1901, p. 1476, c. 611), requiring acknowledgments taken in foreign countries to be before the agent of the United States "residing within the country."

Appeal from Special Term, New York County.

Action by Nina Jordan and another against Edward C. Underhill. From an interlocutory judgment directing defendant to file an account of his proceedings as plaintiffs' agent, he appeals. Affirmed.

See 76 N. Y. Supp. 266; 80 N. Y. Supp. 1138.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

Austen G. Fox, for appellant.

Joseph C. Deane, for respondents.

HATCH, J. This action was brought to compel an accounting by the defendant of his proceedings and dealings with the property of the plaintiffs as their agent. The property for which an accounting is asked is within the jurisdiction of this court, and the defendant is a resident of this state. The plaintiffs reside abroad, and have so resided during the period of the agency of the defendant. In 1866 certain property, consisting of cash, real estate, and mortgages, owned by plaintiffs, came into the possession of the defendant in his capacity as agent for them. From that time until May, 1901, the defendant had sole charge of such property, and held a power of attorney, executed by the plaintiffs to him, by virtue of which he invested and reinvested moneys, collected the income arising from the property, and from time to time remitted the larger part of all moneys received to the plaintiffs. The power of attorney held by the defendant invested him with authority to deal with the property as seemed best, in his discretion. In the spring of 1901 the plaintiffs revoked this power of attorney, and executed two powers of attorney to Mr. William G. Verplanck, of the city of New York. The first of these was not under seal, and this necessitated the execution of the last. The

latter was executed at Vevey, Switzerland, on the 28th day of May, 1901. By virtue of its terms, Verplanck was authorized to make settlement with the defendant as fully, completely, and effectually as the plaintiffs might have done in person. Under these powers of attorney, Verplanck made demand upon the defendant for the delivery to him of all the property in his possession belonging to the plaintiffs, and also to render an account of the same, and his dealings therewith. The defendant, pursuant to such demand, turned over to Verplanck a large amount of mortgages and securities, together with $8,600 in cash, but he retained in his possession $7,955.42, which he claimed as compensation for his services. Verplanck demanded a delivery of this sum of money, also, with which demand the defendant refused compliance. Thereupon the defendant herein commenced an action against the plaintiffs, demanding therein that the amount of his just compensation as agent for the plaintiffs be ascertained and fixed by the court; that he have a lien upon the sum remaining in his hands until such amount should be determined; that, in case the amount retained by him should not be sufficient to reimburse him in the amount to which he was entitled, he have judgment against the plaintiffs for the balance, and that the plaintiffs, their agents and attorneys, be restrained from interfering with defendant's possession of the money, or from removing any of the defendant's personal property beyond the jurisdiction of the court, until the claim of the defendant should be ascertained, and the amount thereof paid and satisfied. The complaint in that action further averred that the defendant herein had annually rendered a full statement of his account and proceedings to the plaintiffs; that he was ready, able, and willing to account for and pay over to the plaintiffs so much of such sum retained in his possession as the court should decide that they were entitled to, in the event that it should be determined that the plaintiffs were not entitled to the whole thereof. A demurrer was interposed to this complaint by the plaintiffs herein. The demurrer was sustained at Special Term, and, upon appeal to this court from the interlocutory judgment entered thereon, the same was reversed; the court holding that the complaint therein stated a good cause of action. Underhill v. Jordan, 72 App. Div. 71, 76 N. Y. Supp. 266. The action brought by the defendant herein was commenced on the 21st day of May, 1901. The action in the case at bar was commenced by the personal service of the summons and complaint upon the 23d day of October, 1901.

It is the contention of the defendant herein that his action against the plaintiffs having been first brought, and being for the same relief, to wit, for an accounting of all his transactions, it constitutes a bar to the present action, and for that reason the interlocutory judgment should be reversed. This contention cannot prevail, for the reason that in the defendant's action a full and complete accounting of all of his transactions and dealings with the plaintiffs' property would not be absolutely necessary in order to determine whether or not he was entitled to the sum of money which he claimed. All that would be necessary for him to establish would be the character of the services rendered, the value thereof, and the amount which he retained.

A conclusion upon such subject might be reached without the necessity of a full and complete accounting between the parties, as all that would be necessary to establish would be the rendition of services of the value of the sum claimed, and that the plaintiffs were justly indebted to the defendant therefor, and such conclusion might be arrived at without any accounting at all. Under such circumstances, the first action is no bar to the second, because it does not necessarily result in a determination of all the issues presented by the present action. Consol. Fruit Jar Co. v. Wisner, 38 App. Div. 369, 56 N. Y. Supp. 723. It is true that in the defendant's action the plaintiffs might have set up by way of counterclaim the matter upon which they now seek to obtain a judgment, and the court would have jurisdiction in that action to dispose of all of the issues, and compel a full and complete accounting upon the part of the defendant; but they were not bound to resort to such remedy. Brown v. Gallaudet, 80 N. Y. 413. The present action is therefore properly brought, and the defendant's action does not constitute a bar to its maintenance.

It is further claimed that the plaintiffs herein have failed to show any ground for an accounting, in consequence of which there is no basis for the interlocutory judgment. The right to an accounting is dependent upon the existence of a fiduciary relation. Where the agency is of such a character as creates in the agent a trusteeship, the principal therein becomes a cestui que trust, and the obligation of the agent to the principal is fiduciary in character. This court held in Underhill v. Jordan, supra, that the relation established between the defendant and the plaintiffs as to his dealings with the property was that of trustee and cestui que trust, and for that reason the court acquired equitable jurisdiction of the action. Such relation being established, the principals become entitled to an accounting, for reasons very clearly stated by this court in Frethey v. Durant, 24 App. Div. 58, 48 N. Y. Supp. 839, which rule was approved and adopted in Rose v. Durant, 44 App. Div. 381, 61 N. Y. Supp. 15; and these decisions are supported by the doctrine announced in Marvin v. Brooks, 94 N. Y. 71. When the case was before this court on an appeal from an order which referred all of the issues to a referee to hear, try, and determine, this court reversed such order upon the ground that right must be shown in the first instance to an accounting, when the court would order an interlocutory judgment, and then refer it for such purpose. The court therein, while not expressly deciding the question, assumed that, if the relation as averred in the complaint was established upon the trial, the interlocutory judgment would be proper. 71 App. Div. 559, 76 N. Y. Supp. 95.

It is claimed upon the part of the defendant that as he had from time to time rendered an account of his proceedings to the plaintiffs themselves, and had transferred all of the properties and moneys in his hands, save the amount which he retained to reimburse himself, and had also rendered to Verplanck a full and complete account of his dealings with the property, which showed a faithful discharge of all his duties, to the large pecuniary benefit of the plaintiffs, a demand for a further account was vexatious, and should not have been awarded. The an-

swer to this claim is found in the language of Frethey v. Durant, supra, wherein this court said:

"It is not necessary in such a case as this that the plaintiff should show that there will be something found due to her on the accounting. That fact can never be known with certainty until the account has been taken. The right to this accounting results from the fact that the fiduciary relation has been created and assumed by the agent or the trustee, and that the principal or cestui que trust is not informed, and does not know, what has been done with reference to the property or property interest confided to the agent or trustee."

So, in the present case, while it is true that the accounts purport to be a statement of all of the dealings with the property, showing that the plaintiffs have received the benefits of such dealing, and of all of the property which came to the agent's hands, yet nevertheless the plaintiffs do not know, except from this statement of the accounts, what the real facts are. Such facts they have a right to have disclosed in the fullest manner, and, in order to accomplish such result, they became entitled to examine the trustee under oath to the fullest extent, as in no other way can the facts be arrived at with absolute certainty, and to such certainty the cestui que trust is entitled. No action can be deemed vexatious which seeks to accomplish such result.

It is further claimed that the powers of attorney under which Verplanck is acting were insufficiently executed so as to entitle them to be read in evidence, and this for the reason that the certificates of the consular agent attached thereto, and before whom the acknowledgments were taken, contained no statement that such agent resided within Switzerland, and therefore there is failure of compliance with the statute. Assuming that this objection is well founded, it is not available in reversal of this judgment. The plaintiffs show themselves entitled to an accounting, quite independent of any facts stated in the power of attorney. Their right to maintain this action is not dependent thereon. It rests upon the relation which is established between the parties, and respecting that subject there is no dispute. Consequently the defendant was in no wise prejudiced by the introduction in evidence of the powers of attorney, even though they were inadmissible. But aside from this, we think the certificates themselves are in compliance with the statute. Subdivision 2 of section 250 of the real property law (chapter 611, p. 1476, Laws 1901) provides that acknowledgments may be taken in foreign countries before consular agents of the United States "residing within the country." The criticism upon this certificate is that it does not state that the consular agent before whom it was taken resided in Switzerland. The objection is extremely technical. The venue states: "Confederation of Switzerland, Canton de Vaud, City of Vevey—ss." The recital is that "on this 28th day of May, * * * before me, William Cuenod, consular agent of the United States in and for the said city of Vevey, at said city of Vevey, personally appeared," etc. The character of the person is such as authorized him to take the acknowledgment. The venue states where it was taken, and the recital is that it was at the city of Vevey. This establishes that the consular agent, at the time when he took the acknowledgment, was in such city, and performed an

official act at that place.   Necessarily, he was then there; and, in legal sense, the recital is of residence, as he was at the place and performing the duties attached to his office, among which was the taking of this acknowledgment.   Being there and acting necessarily imports residence, so that the certificate is in substantial compliance with the provisions of the statute.

There are no other questions which require consideration, and it follows that the interlocutory judgment should be affirmed, with costs to the respondents.   All concur.