MERSEREAU et al. v. BENNET et al.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. TRUSTS—EXPRESS TRUSTS—CREATION—SUFFICIENCY OF LANGUAGE.

No particular terms are necessary to create a trust, but the intention of the creator of the trust controls; and, where he gives to the person to whom he delivers possession of property power to sell it, receive and invest the proceeds, and power to exercise the usual acts of ownership, with specific directions as to how the property and its income is to be disposed of, a trust is created, though such person is designated in the instrument as attorney, instead of trustee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 34–38.]

2. SAME—ELEMENTS OF TRUST OF PERSONAL PROPERTY.

The essential elements of a valid trust of personal property are a designated beneficiary, a designated trustee, who is not a beneficiary; a fund or other property sufficiently designated to enable title thereto to pass to the trustee, and the actual delivery of the fund or other property or of a legal assignment thereof to the trustee, with the intention of passing legal title to him as trustee.

3. SAME—DELIVERY OF PERSONAL PROPERTY TO TRUSTEE—SUFFICIENCY.

An owner executed an instrument by which he appointed one as his attorney to hold and distribute for him money, stock, etc., delivered to the attorney. The instrument recited that it was executed to relieve the owner from financial worry, and authorized the attorney to sell the property delivered, if he deemed it necessary to the owner's best interests, and empowered the attorney to receive the proceeds thereof, and to invest all the money held for the owner, and to take the proceeds on the sale of real estate. Proceeds of the sale of real estate were received by the attorney, to be disposed of as provided in the instrument. Held, that a trust existed as to the money paid to the attorney or received by him under the agreement, and also as to other personal property delivered to him with such muniments of title as enabled him to sell it, with power to sell it and receive and apply the proceeds as directed in the instrument; this being sufficient to vest the title in him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 43, 53.]

4. SAME—TERMINATION.

An owner executed an instrument whereby he appointed an attorney, with power to receive and control described personal property and to receive the proceeds on the sale of real estate and to account for the money received. The attorney was authorized to pay out of the property received by him on the Saturday of each week a specified sum to the owner, and a specified sum to a son and daughter. The instrument declared that the

attorney should be the attorney for the owner, and, in the event of his death, for his children named, and, in event of the owner's death before a revocation of the power, each of the children should have an undivided interest in the moneys and property in the hands of the attorney. *Held*, that the instrument was not a power of attorney solely to be executed during the owner's lifetime, and on his death his children were entitled to compel the trustee to account in accordance with the instrument; the owner'not having revoked the power therein contained.

Houghton, J., dissenting.

Appeal from Trial Term.

Action by Ardil R. Mersereau and another, individually and as administrators of George B. Mersereau, deceased, against James E. Bennet and another. From a judgment for defendants, on dismissal of the complaint on the pleadings, plaintiffs appeal. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Coleridge A. Hart (Benjamin H. Newell, on the brief), for appellants.

J. Ard Haughwout, for respondent Schenck.

Frederick W. Block, for respondent Bennet.

INGRAHAM, J, This action was in equity to require the defendant Bennet to account for the sum of $5,000 received by him as attorney and trustee under an agreement, a copy of which is annexed to the complaint. The defendants answering the complaint, the action came on for trial at Special Term, when the defendant at the opening of the trial moved to dismiss the complaint, which motion the court granted, and an order was entered reciting these facts, and ordering that the complaint be dismissed, and upon that order a judgment was entered, from which the plaintiffs appeal.

The complaint alleges that one George B. Mersereau made, executed, and delivered to the defendant Bennet a certain instrument in writing, a copy of which is annexed to the complaint; that the defendant Bennet accepted the trust, and assumed the duties and obligations of an attorney and trustee under said agreement, and that, in pursuance thereof, the said George B. Mersereau duly delivered to the defendant Bennet certain personal property and money set forth in the complaint; that subsequently Bennet, acting as attorney and trustee, sold certain real estate the property of Mersereau, and as such attorney and trustee, pursuant to the terms of said instrument, received the proceeds of such sale; that on the 19th of February, 1905, said George B. Mersereau died intestate, leaving the plaintiffs his only heirs at law and next of kin, and subsequently, and on the 23d of March, 1905, letters of administration duly issued to the plaintiffs, who thereupon duly qualified as such; that the plaintiffs individually and as administrators have demanded of defendant Bennet that he account as attorney and trustee for the money and other property received by him, and that he has accounted for part of such money and property, but has failed and neglected to account for the sum of $5,000 received by him thereunder; that, in gross violation of his duties as such attorney and

trustee, said Bennet loaned the sum of $5,000 to the defendant Schenck, who made and delivered to the defendant Bennet two promissory notes in the sum of $2,000 and $3,000, respectively, therefor; that said Schenck received the $5,000 with knowledge that it was money belonging to the said George B. Mersereau, and was held by said Bennet pursuant to the terms of and subject to the conditions imposed in said instrument, and that at the maturity thereof said notes were duly presented for payment, and have not been paid; that there is now due and owing plaintiffs from the defendant Bennet as such attorney and trustee as aforesaid the sum of $5,000, with interest thereon from the 27th day of January, 1905, no part of which has been paid. The instrument annexed to the complaint commences as follows:

"Know all men by these presents, that I, George B. Mersereau, for the purpose of relieving myself of all worry or care concerning my financial interests, have made, constituted and appointed, and by these presents do make, constitute and appoint James E. Bennet, now living at No. 21 West 101st street, my lawful attorney, to hold, conserve, and distribute for me my moneys, stocks, bonds and other personal property, and I hereby deliver to him as my attorney the following personal property."

After a description of certain stock and a sum of money, it proceeds:

"I authorize my said attorney to sell any and all of the above mentioned stocks and property if he deem it necessary to my best interests, and I hereby constitute and appoint him my true and lawful attorney to sign my name, receive for me the moneys and receipt for same and perform for me and in my stead any and all acts necessary to accomplish the sale and transfer of said stocks and property; and to invest all and any moneys which he holds for me as my attorney as he may deem best for my interests."

The said attorney was then authorized to take charge of certain real property of the said George B. Mersereau with power to lease the same; to collect rents and receipt therefor; to pay from the funds in his hands as such attorney all taxes, insurance, and interest upon mortgages now and which may hereafter be upon the said property; to make repairs and pay for the same; to settle, adjust, and collect all insurance which may become due because of any damage or loss to the said property; to make efforts to sell the said real property, and, in the event of a sale thereof, the sums of money received from the sale thereof after payment of all liens and other charges "shall be held by said James E. Bennet as my attorney for myself, and in the event of my death, for my children A. Raymond Mersereau and Pauline B. Mersereau; and in the event of my death before this power of attorney is revoked, I hereby give and grant to each of my said children A. Raymond Mersereau and Pauline B. Mersereau an undivided one half interest in the moneys in my said attorney's hands at my death, and in any other property of which I may die possessed, and in the event of the death of any one of us his or her share shall be divided between those surviving." Bennet was then authorized to pay out of the property so delivered to him "on the Saturday of each week, commencing with the Saturday next after the delivery to my said attorney of all the property herein mentioned, to wit: To myself, George B. Mersereau $12.00, to my son, A. Raymond Mersereau $12.00, to my daughter, Pauline B. Mersereau $12.00." Bennet was further directed to render to George B. Mersereau an itemized account of his receipts

and disbursements at least once in three months, and his said attorney was authorized and directed to retain as and for his compensation 5 per centum annually upon all moneys which he holds, receives, and disburses as his said attorney, provided that such commission shall not exceed $100 in any one year; that Bennet should have full power and authority to carry out all the provisions of the instrument, and should have full and complete control over all property and funds intrusted to him. The defendant Bennet admits that this instrument was executed and delivered to him, admits that he received the money described in the instrument and the proceeds of the real property, and alleges that he accounted in full for the sum of $5,000 mentioned in the complaint.

The learned judge held that this instrument was in the nature of a testamentary disposition of property, and was invalid as not being executed in conformity with the requirements of the statute of wills; that it was ineffectual as a trust for the benefit of Mersereau's children, since he retained absolute control of his property, and no estate was vested in the defendant Bennet; that upon Mersereau's death, viewing it as a mere power of attorney, it was revoked, and his personal representatives became entitled to possession and an accounting of the property remaining in the hands of the defendant Bennet; that the complaint is insufficient to give a cause of action to the plaintiffs as administrators, as the complaint admits that Bennet has accounted for all the property, except the sum of $5,000, which he had loaned to his codefendant Schenck upon the latter's promissory notes; that these allegations, taken together, amount, in effect, to an admission that there was an account stated, and, as these facts appeared from the complaint, it failed to show a cause of action; that, as the instrument authorized Bennet to invest all and any moneys held for his principal as he may deem best for his principal's interest, the fact that he invested the money in a loan to the defendant Schenck was binding upon the plaintiffs in the absence of an allegation that it was negligently made or that the borrower was insolvent at the time; and that the allegation in the complaint that the loan was "in gross violation of his duties as such attorney and trustee under said instrument" was a mere conclusion of law.

The first question is as to whether in relation to this property transferred to Bennet under this agreement, including the proceeds of the real property which was received by Bennet, he became a trustee for Mersereau under the agreement. It must be conceded that the rights and obligations created by this instrument is not at all clear; but I am inclined to think that as to the property and the proceeds thereof a valid trust was created. The property which Bennet was to receive related solely to personalty, as it was clear that he had no title to the real property mentioned, having a mere power to collect the rents; but the proceeds of the real property when sold were to be held by Bennet as Mersereau's attorney. The title to all this property, including the proceeds of the real property, was to be received by Bennet, and he was to hold, conserve, and distribute the same. He had power to sell the property and to receive the proceeds thereof, and to invest all and any moneys which he held as Mersereau's attorney as he might deem

best for Mersereau's interest. From the moneys in his hands he was to pay Mersereau's just debts and obligations, and, in addition, was to pay on the Saturday of each week a sum of money to Mersereau and to his two children; and, in the event of Mersereau's death, he was to hold the proceeds of this property for Mersereau's two children to whom Mersereau gave an undivided one-half interest in the money or property in Bennet's hands at his death. There was here vested in Bennet the power of a trustee in relation to the property, and he was authorized to exercise all acts of ownership in relation to it. The fact that Mersereau retained a power to revoke the instrument does not at all mitigate against the creation of a trust. It is well settled that no particular terms are necessary to create a trust. The intention of the creator of the trust is to control, and, where he gives to the person to whom he delivers possession of the property power to sell it and receive the proceeds, power to invest such proceeds, and power to exercise the usual acts of ownership, with specific directions as to how the property and its income is to be disposed of, I can see no reason why a trust is not created; and that certainly is not negatived because of the fact that technical terms used to transfer title are not used or the trustee is designated an attorney rather than trustee. The stated object of the execution of this instrument was to relieve George B. Mersereau of all worry or care concerning his financial interests, and to accomplish that he delivered to Bennet as his attorney this personal property. In Van Cott v. Prentice, 104 N. Y. 45, 10 N. E. 257, there is an exhaustive discussion of what is necessary to create a valid trust, and it was held that the fact that a trust was voluntary and without consideration, with a full power of revocation reserved and with a reservation of control over the property during the life of the creator of the trust, and that there was denied to the beneficiaries any legal or equitable right to either principal or interest was not inconsistent with the creation of a valid trust. The only distinction between that case and this is that in this case the instrument does not in express terms convey title of the trust property to the trustee. The designation of Bennet as attorney, rather than as trustee, is not at all material. In Jordan v. Underhill, 91 App. Div. 124, 86 N. Y. Supp. 620, the defendant acted under a power of attorney, and the court held that the relations were that of trustee and cestui que trust. See, also, Underhill v. Jordan, 72 App. Div. 71, 76 N. Y. Supp. 266, and also Day v. Roth, 18 N. Y. 448, where it is said:

"But a formal or even a written agreement is not necessary to create a trust in money or personal estate. Any declaration, however informal, evincing the intention with sufficient clearness will have that effect. Such declarations stand on somewhat peculiar grounds. * * * It may be conceded, therefore, that the case does not show for what purpose or under what agreement V. W. Roth received the £1,500 and brought it to this country. It is admitted that he was in some way and in some character accountable to her for the money. His letter which has been referred to, together with the power of attorney which he procured the plaintiff to sign, and which he accepted from her, are sufficient of themselves to constitute the alleged trust. * * * It contained a request that the plaintiff should appoint him to be her agent for investment; and she, accepting the declaration and granting the request, gave him a written power to take the charge of the fund. He accepted the power, and, so far as we know, acted upon it."

In Von Hesse v. MacKaye, 136 N. Y. 114, 32 N. E. 615, there was no express transfer of title, but a delivery of certain railroad bonds for which the person to whom they were delivered gave a receipt:

"Received of my father, James MacKaye, ten Kansas Pacific bonds of one thousand dollars each, to be held by me in trust for his adopted daughter."

And it was held that a valid trust was created. As stated in Brown v. Spohr, 180 N. Y. 201, 73 N. E. 14:

"There are four essential elements of a valid trust of personal property: (1) A designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee."

The only one of these elements which does not expressly appear in this instrument is that there is no express transfer of title of the trust property to the trustee. Certain securities are recited in the instrument as having been "delivered" to Bennet, and Bennet admits their receipt. Certain real property of the creator of this trust was sold, and the proceeds thereof received by Bennet, to be disposed of as provided in the instrument. Certainly, in regard to the money paid to Bennet or received by him under the agreement, a trust existed, and it seems to me that delivery of personal property with such monuments of title as enables him to sell it, with power to sell it and receive and apply the proceeds as directed in the instrument, is a valid transfer of property by which the title to it vests in the trustee, and for which the trustee is bound to account. This must have been the intent of the signer of this instrument. He clearly intended that Bennet should receive and hold these securities and moneys; that Bennet should sell them if he considered it proper and receive the proceeds; that the proceeds of the real property described should be received by Bennet and held by him under the provisions of the instrument; and that Bennet should hold this property, and exercise these powers so long as the instrument itself was unrevoked. Had Mersereau revoked this instrument, there is no question but that he would have been entitled to have compelled Bennet to account for the property received under it, and that in such an accounting Bennet would be entitled to offset all sums of money that he had paid under the instrument. And, if this is so, it seems to follow that, upon the death of Mersereau leaving the instrument unrevoked, Bennet held in his possession the property delivered to him subject to the terms of the instrument under which he received and held it. To say that the instrument was revoked by the death of Mersereau seems to me to directly contradict its express terms. Bennet received the property under the instrument which contemplated a dispositioin of the property by Bennet upon the death of Mersereau. It was not a power of attorney solely to be executed during Mersereau's lifetime and which had for its object the action by Bennet as Mersereau's attorney in fact only, but by the very terms of the instrument under which Bennet received the property and the trust upon which he held it he was to deliver the property to these plaintiffs individually upon Mersereau's death. To hold that

the instrument was revoked by Mersereau's death, when under it Bennet was to dispose of the property in a particular way after his death, would defeat the express intention as expressed in the instrument, and it is these provisions that indicate the intention of Mersereau to vest in the trustee a title to the property, for without such title the instrument itself could not be carried out.

My conclusion, therefore, is that by this instrument a trust was created, that title to the property transferred to him vested in Bennet, and that he held the property as trustee for George B. Mersereau during his life and for Mersereau's two children after his death. That being the legal effect of this instrument, there can be no question but that the plaintiffs individually had a right to call upon Bennet to account. That right has been settled by Marvin v. Brooks, 94 N. Y. 71, which has been consistently followed in this state. All that was necessary to establish in this case was the fact that the trustee had not fully accounted and that seems to be conceded. At any rate, the complaint alleges that he has not accounted for the sum of $5,000 that was received and held by him, and for that sum he was bound to account.

I think, therefore, that the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur, except HOUGHTON, J., who dissents.