---

(62 Misc. Rep. 356.)

MERSEREAU et al. v. BENNET et al.

(Supreme Court, Special Term, New York County. February 19, 1909.)

1. WORDS AND PHRASES—"ACCOUNT."

An "account" is a statement of the receipts and payments of an executor, administrator, or other trustee of the estate confided to him.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp. 86–91; vol. 8, p. 7561.]

2. ACCOUNT (§ 8*)—DEFENSES.

An account stated is a good plea in bar of an action for an accounting.

[Ed. Note.—For other cases, see Account, Dec. Dig. § 8.*]

3. TRUSTS (§ 305*)—ACTIONS FOR ACCOUNTING—ADEQUACY OF REMEDY AT LAW.

The remedy at law against an attorney and trustee for improper investments of the funds of the cestui que trust is adequate, and equitable interference to require an accounting would be unwarranted.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 305.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Ardil R. Mersereau and others against James E. Bennet and another. Complaint dismissed.

See, also, 124 App. Div. 413, 108 N. Y. Supp. 868.

Benjamin H. Newell and Coleridge A. Hart, for plaintiffs.
J. Ard Haughwout, for defendant Schenck.
Frederick W. Block, for defendant Bennet.

NEWBURGER, J. This action is brought in equity to require the defendant Bennet to account for the sum of $5,000 received by him as attorney and trustee, and that plaintiffs have judgment for said amount, with accrued interest. The answer of the defendant Bennet admits the receipt of the amount, but alleges that he has fully accounted to the plaintiffs for all moneys by him received. Upon a former trial the complaint was dismissed at the opening of the trial and without any proof having been offered. Upon appeal the Appellate Division reversed the judgment (see 124 App. Div. 413, 108 N. Y. Supp. 868), holding that the defendant was bound to account for the sum of $5,000 that he received.

Upon this trial the parties entered into the following stipulation:

"It is conceded that the agreement, plaintiff's Exhibit A, was entered into between the parties. It is conceded that the defendant Bennet received the property referred to in Exhibit A. It is further conceded that subsequently George B. Mersereau died, leaving the plaintiffs his only heirs at law, and that they were appointed administrators of the estate of said George B. Mersereau. It is also conceded that subsequently the defendant Bennet delivered to the plaintiffs all the property in his possession under this agreement that remained at the time of the death of the said George B. Mersereau, which included two notes made by the defendant Schenck, one for $3,000 and the other for $2,000; that there is no other property in the possession of the defendant Bennet or in his hands belonging to the plaintiffs or the estate of George B. Mersereau; that the notes of Schenck have not yet been paid; that there has been no judicial accounting between these parties, and that the agreement of June 15, marked 'Exhibit G,' it is contended on the part of the defendant, is the only accounting between those parties. It is also conceded that no suit has been brought upon these notes against the defendant Bennet, or against the defendant Schenck, except the present action; also, that, in addition to the property delivered at the time of the agreement by George B. Mersereau to the defendant Bennet, there have subsequently come into the hands of the defendant Bennet the proceeds of the sale of the real estate in Water street, referred to in this agreement, and that the notes aggregating $5,000 of the defendant Schenck were no part of the property that was delivered to the defendant Bennet originally, but were a reinvestment by him of the proceeds of the sale of certain of such property, including the Water street property."

It appears by this stipulation that the defendant has accounted for the sum of $5,000 claimed by delivering to the plaintiffs notes of the defendant Schenck for that amount, but plaintiffs contend, first, that they are entitled to a judicial accounting; and, second, that, the notes not having been paid, the trustee acted improperly, and should be held for the amount thus loaned by him. It is conceded that on the 15th day of June, 1905, and prior to the commencement of this suit, plaintiffs and defendant entered into an agreement wherein it is recited, after referring to the power of attorney from plaintiffs' father, George B. Mersereau, to defendant Bennet, the receipt by defendant Bennet of the property, and the death of plaintiffs' father, that the defendant

Bennet is desirous of accounting for all money and property belonging to George B. Mersereau in his possession and under his control at the time of the death of said George B. Mersereau, and then proceeds to give, as stated in the agreement, a correct statement of the money and property belonging to said George B. Mersereau and in the possession and control of said Bennet on the 19th day of February, 1905, the date of the death of said decedent. In this statement the sum of $5,000 is referred to as covered by two promissory notes made by the defendant Schenck to the order of the defendant Bennet. The agreement further provides that the defendant Bennet is to enter into negotiations to collect the said notes of Schenck, amounting to $5,000, and for his services, if successful, is to receive and be allowed by the plaintiffs 2 per cent.

It is not contended that this agreement was obtained by defendant Bennet upon any misrepresentation or misstatement. On the contrary, the evidence clearly shows that this agreement was drawn by plaintiffs' and defendants' counsel, and after numerous consultations and quite some correspondence. This agreement appears to have all the elements of an accounting. Nowhere is it contended that the defendant has failed to properly state all the property he received. An account is a statement of the receipts and payments of an executor, administrator, or other trustee of the estate confided to him, and it has been held that an account stated is a good plea in bar of an action for an accounting. See Weed v. Smull, 7 Paige, 573. The plaintiffs do not question the correctness of the defendant's account, but seek to charge him with having improperly loaned the $5,000. While the complaint is somewhat in an equitable form, it seeks to hold the defendants for damages for the wrongful acts of the defendants in having made the loan heretofore referred to therefore equitable relief is unnecessary. It has been held that, where the action is for the recovery of money only, it is classed as legal, and is triable by jury. See Higgins v. Tefft, 4 App. Div. 62, 38 N. Y. Supp. 716; O'Brien v. Fitzgerald, 6 App. Div. 509, 39 N. Y. Supp. 707; Dykman v. Keeney, 154 N. Y. 483, 48 N. E. 894.

As was said by Mr. Justice Ingraham in O'Brien v. Fitzgerald, supra:

"Where his liability to his cestui que trust or to the corporation of which he is a director or trustee is not to account for specific property, but for damages because of his negligent act in the performance of his duty, a different principle arises as to his liability from that of a case where, in consequence of his relation to the property of the trust, he is bound to show what disposition of that property has been made."

If the defendant Bennet improperly invested the funds in his possession, plaintiffs have an adequate remedy at law to recover such sums. Plaintiffs have failed to make out such a case as would warrant the intervention of a court of equity.

Complaint dismissed. Submit findings.