George P. Stier, J.
In an action for an accounting, the plaintiff moves, pursuant to rule 113 of the Rules of Civil Practice, for an interlocutory judgment “ directing that such accounting be heard and determined, as required by law ”.
The plaintiff, in support of the motion, contends that, pursuant to an agreement between defendant and plaintiff, defendant was appointed her exclusive agent to sell property she owned in Italy. The plaintiff states that the defendant sold the property and thereafter delivered to her a check for the sum allegedly realized from the sale and a letter which purportedly accounted for the proceeds of the sale. She further contends that the alleged accounting was an unverified and undocumented statement; that she never received bills, checks or other necessary papers to substantiate the various transactions entered into by the defendant as her agent. She states that she attempted to obtain further details from the defendant without success; that thereafter an investigation was conducted and the facts uncovered thereby created a suspicion that the purported accounting was not complete or valid.
The defendant, in opposition, claims that an accounting has already been rendered and, furthermore, plaintiff has not adequately shown that any other moneys are due her.
Inasmuch as a relationship of principal and agent exists between the plaintiff and the defendant in the case at bar and the defendant, as agent, received and dealt with property of the plaintiff, the plaintiff is entitled to an accounting. (Rhodes v. Little Falls Dairy Co., 230 App. Div. 571, affd. 256 N. Y. 559; Rubenstein v. Small, 273 App. Div. 102, 104; Reinhard v. Reinhard, 56 N. Y. S. 2d 160.) The party seeking the accounting need not show that anything is due. (Insurance Co. of North *792 America v. Whitlock, 216 App. Div. 78, 84.) The fact that the defendant has already purportedly rendered an accounting is not a defense to defeat the plaintiff’s right to an accounting rendered before the court (Jones v. Flushing Nat. Bank in N. Y., 264 App. Div. 869) since the plaintiff, under circumstances such as in the case at bar, has a right to have disclosed in the fullest manner all the dealings with her property which came into defendant’s hands. In order to accomplish this result, she is entitled to examine the defendant under oath to the fullest extent. (Jordan v. Underhill, 91 App. Div. 124, 129.)
Accordingly, the motion is granted as follows: An interlocutory judgment will be made and entered directing the defendant to account for all money and things received by him or paid for his account arising from the sale of the property described in the complaint. The defendant will file a verified account with proof of service of a copy thereof within 15 days of the service of a copy of the interlocutory judgment herein with notice of entry thereof upon the attorney for the plaintiff. Said attorney shall have 20 days thereafter to file verified objections thereto and the issues raised by such objections are to be determined by the court or by a Referee and a final judgment rendered accordingly,