THE EMPIRE STATE TELEPHONE AND TELEGRAPH COMPANY, Respondent, *v.* FRANK A. BICKFORD, Appellant.

While a court of equity may have jurisdiction of an action, brought by a principal against his agent, for an accounting as to property intrusted to defendant as agent, this does not make the action necessarily referable.

The complaint herein asked that defendant account as to his transactions as agent for plaintiff in respect to these items: (1) Receipts and disbursements of plaintiff's moneys; (2) the conversion of personal property belonging to plaintiff and intrusted to defendant; (3) revenue lost to plaintiff by reason of defendant's neglect of his duties and his attempt to establish a competing business; (4) the proportion of the cost of equipment by plaintiff of a new place of business rendered necessary by defendant's wrongful acts and omissions.   An order of reference was granted on motion of plaintiff.   *Held*, error; that the first item was the proper subject of an accounting; that while the second might also be, it was not necessarily referable; that the other two items were not matters of account or of equitable cognizance; that the action should be treated as a whole, and so considered was an action at law and not one in equity.

*It seems*, after the issues at law have been tried, if an accounting as to receipts and disbursements becomes necessary a reference may be ordered to take it.

*Empire State Tel. Co.* v. *Bickford* (72 Hun, 580), reversed.

(Argued April 9, 1894; decided April 17, 1894.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 3, 1893, which affirmed an order of Special Term appointing a referee to hear and determine the issues in this action.

The nature of the action and the facts, so far as material, are stated in the opinion.

*T. E. Courtney* for appellant. The court has power to refer issues to hear and determine where the trial will require the examination of a long account and will not require the decision of difficult questions of law. (Code Civ. Pro. § 1013; *Townsend* v. *Hendricks*, 40 How. Pr. 143; *Dedricks* v. *Richley*, 19 Wend. 109.) When a party has a constitutional right of a trial by jury of one cause of action and it is joined with others, where he has no such right, a compulsory reference of the whole issues cannot be made. (*Ross* v. *Comber*, 5 J. & S. 289.) The character of the action must be determined from the complaint. (*Wood* v. *Hope*, 2 Abb. [N. C.] 186; *Untermeyer* v. *Beinhauer*, 105 N. Y. 521; *Verplank* v. *Kendall*, 13 J. & S. 525, 526.) Only actions upon a contract can be referred against the consent of the defendant. (*Silmser* v. *Redfield*, 19 Wend. 21; 86 N. Y. 436; *Wickham* v. *Frazee*, 13 Hun, 431.) This action cannot be referred against the consent of the defendant. (*Claflin* v. *Drake*, 38 Hun, 144; *Camp* v. *Ingersoll*, 86 N. Y. 433; *Blake* v. *Harrigan*, 20 Civ. Pro. Rep. 424; *Mitchell* v. *Oliver*, 56 Hun, 208; *Reed* v. *Frazee*, 31 id. 286; *Johnson* v. *A. A. R. R. Co.*, 139 N. Y. 449; *McDonnell* v. *Stevens*, 9 Hun, 28; Penal Code, § 528; *Cassidy* v. *McFarland*, 139 N. Y. 201; *Vilmoe* v. *Scholl*, 61 id. 564.) There is no evidence that the trial will require the examination of a long account contained in the papers presented to the Special Term. (*Randall* v. *Sherman*, 131 N. Y. 669; *Thayer* v. *McNaughton*, 117 id. 111; *Lord* v. *Connor*, 48 How. Pr. 95; *Cain* v. *Delano*, 11 Abb. [N. S.] 29; *Knope* v. *Nunn*, 26 N. Y. Supp. 1074–1076; 75 Hun, 287; *Spence* v. *Simis*, 137 N. Y. 616.) The only evidence that this is an equitable action is contained

in the relief demanded by the plaintiff, and it is well settled that prayers for relief are no part of a complaint and of no force whatever, at least after an answer is put in. (Code Civ. Pro. § 1207; *Avery* v. *E. W. Co.*, 82 N. Y. 582–590; *Vibbard* v. *Fransoise*, 5 Alb. L. J. 382; *Hoffman* v. *Treadwell*, 7 J. & S. 183; *Wheelock* v. *Lee*, 74 N. Y. 495.)

*Underwood & Storke* for respondent. The Special Term had power to make the order appealed from. (Code Civ. Pro. § 1013; *Marwin* v. *Brooks*, 94 N. Y. 71; *C. M. Co.* v. *H. M. Co.*, 44 Fed. Rep. 219; *Walker* v. *Spencer*, 45 N. Y. 71; *Marston* v. *Gould*, 69 id. 220; *Harrington* v. *Bruce*, 84 id. 103; *Austin* v. *Rawdon*, 44 id. 63; *People* v. *Wood*, 121 id. 522.) If the Special Term had power to make the order of reference the exercise of that power will not be reviewed here. (*Martin* v. *W. H. Co.*, 70 N. Y. 101; *Welch* v. *Darragh*, 52 id. 590; *Cassidy* v. *McFarland*, 139 id. 201.) The argument for the appellant assumes an erroneous theory of the nature of the action, viz., that it is a common-law action of tort. (*Robinson* v. *Smith*, 2 Paige, 222; *Brinkerhoff* v. *Bostwick*, 88 N. Y. 52; 99 id. 185.)

*Per Curiam.* The plaintiff characterizes his action as one brought for an accounting by defendant in respect to his transactions as agent of the plaintiff in the management of its Cortland exchange, and the complaint specifies the particulars in which such accounting is asked, as follows:

(1) In respect to receipts and disbursements by defendant of money belonging to plaintiff between the years 1884 and 1893.

(2) In respect to the conversion of certain personal property belonging to plaintiff and intrusted to the possession of the defendant as part of the necessary machinery of the work to be done by defendant.

(3) In respect to the amount of revenue lost to plaintiff by reason of defendant's neglect of plaintiff's business, and by reason of defendant's attempts to establish a competing business at Cortland while in plaintiff's employ.

(4) In respect to the proportion of the cost of equipment of plaintiff's new exchange at Cortland, made necessary by defendant's wrongful acts and omissions properly chargeable to defendant. Among such is the alleged procurement of a renewal lease in his own name of the premises formerly leased to plaintiff.

The first item is a proper subject for an accounting, and possibly the second, treating it as misconduct of an agent in relation to property intrusted to him by his principal by reason of which the whole or part of the value of such property has been lost to the principal. Such second item is not, however, on that ground referable. An action to call an agent to account for his conduct may be cognizable in equity without being also referable. If it have to do with conduct as to property intrusted to defendant as agent, equity might have jurisdiction and yet no case for a reference be made out. But the other two items of alleged damage do not constitute an account as that word is used in the statute. They involve an inquiry as to damages which plaintiff has sustained by reason of alleged misconduct by defendant while its agent. Such misconduct was not in regard to property of the plaintiff, but on account of defendant's alleged negligence in attending to his duties, viz., a neglect of plaintiff's business and his wrongful acts in attempting to establish a competing business.

A recovery is also sought for the expense plaintiff has been put to in equipping its new exchange, caused by the wrongful act of the defendant in taking the lease as above stated.

These are not matters of account and are not properly cognizable in an equitable action. They are not connected with the receipt or disbursement of money of the principal, nor with any fraudulent or other omission of the defendant to charge himself with moneys received by him, or paid out by him, and wrongfully charged to his principal.

We think the chief part of the action is of a common-law nature, and it should be treated as a whole and as charging but one cause of action, and that an action at law and not one

in equity.    After the issues at law are tried, if it then become necessary to have an accounting as to the receipts and disbursements, a reference can be ordered to take it.

The questions as to whether the defendant has been guilty of any wrongful acts, and the amount of damages (if any) caused thereby under the second, third and fourth items above stated, and whether there has been a settlement and release or not, should be tried by a jury, unless both parties consent to some other mode of trial.

The order of reference should, therefore, be reversed, with costs to defendant in all courts, and the motion for a reference denied, with costs.

All concur.

Ordered accordingly.