(119 App. Div. 679)

### WYNKOOP v. WYNKOOP.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

REFERENCE—GROUNDS FOR—ACCOUNT—PARTNERSHIP.

 Where, in an action for the settlement of accounts between copartners, the defendant alleged a full adjustment and settlement of the accounts between the parties and an agreed balance arrived at between them, plaintiff's motion for a reference was properly denied.

Appeal from Special Term, Ulster County.

Action by Lewis E. Wynkoop against Daniel W. Wynkoop. From an order denying plaintiff's motion for a reference, he appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

D. W. Ostrander, for appellant.
Francis C. Merritt, for respondent.

SMITH, P. J. Plaintiff and defendant had been engaged as copartners in the purchase and sale of huckleberries. The action is brought for the settlement of the accounts between them.

By the answer it is alleged that, after the bringing of the action, the parties got together and adjusted their accounts, and there was found to be owing from the plaintiff to the defendant the sum of $191.47, which sum the plaintiff thereupon agreed to pay to the defendant, which sum was not paid.

This motion was made before the Newburgh Special Term, Justice Dickey presiding. At that Special Term the affidavit of defendant's counsel was produced, which stated that at a Trial Term held in Ulster county before Mr. Justice Betts the plaintiff had moved for a reference of the action, which motion had been there by Justice Betts denied, and that thereafter the plaintiff had moved to put the case over the term, which motion had been granted. Upon this affidavit Justice Dickey denied the motion for a reference upon the ground that the motion had been made and passed upon by Justice Betts at the Kingston Trial Term.

Whether or not the making of the motion before Justice Betts and its denial by him authorized the denial of this motion, there is another ground sufficient to sustain this order. The defendant alleged the full adjustment and settlement of the accounts between the parties and an agreed balance arrived at between them. If this allegation be proven, then, there is no occasion for an accounting, and, until the trial of this issue and its determination, the court cannot say that a long accounting is involved, or that the plaintiff is entitled to a reference.

The order appealed from should, therefore, be affirmed, with $10 costs and disbursements. All concur; KELLOGG, J., in result.