(164 App. Div. 216)

### FISHER v. TUTTLE et al.  (No. 6144.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. REFERENCE (§ 8*)—COMPULSORY REFERENCE—EXAMINATION OF ACCOUNT.

Where an issue arising on the complaint and the denials in the answer, with or without other allegations presenting a defense, is triable by jury, and it satisfactorily appears by the nature of the defense to the controverted allegations of the complaint that the trial will involve the examination of a long account, a compulsory order of reference may be made, pursuant to Code Civ. Proc. § 1013, providing for reference on the court's own motion as to the whole or any part of the issues, where the trial requires the examination of a long account; but where the determination of the issues does not involve such account, the action does not become referable merely because a counterclaim pleaded by the defendant will involve the examination of a long account.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. § 8.*]

2. REFERENCE (§ 29*)—ACCOUNTING—INTERLOCUTORY JUDGMENT.

In a suit in equity, where the right to and scope of an accounting appear by the pleadings, an interlocutory judgment may be entered thereon; but the issues on which the right to an interlocutory judgment for an accounting depends, if contested, must be tried by the court, and the interlocutory judgment determining generally the rights of the parties and the scope of the accounting must be entered before there can be a reference to take the accounting.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 49–53, 55; Dec. Dig. § 29.*]

3. REFERENCE (§ 8*)—COMPULSORY REFERENCE—ACCOUNTING.

In a suit in equity by a client against T., one of his attorneys, a member of a firm, and the firm's receiver, to compel the surrender or cancellation of a note made by plaintiff, and to charge any property in defendant's hands under an agreement between plaintiff and one A., or between A. and defendant T., with a trust in favor of plaintiff, and to require defendants to account, and for damages, where plaintiff claimed to have employed T. to purchase notes and securities from A., and that T. negotiated a contract between plaintiff and A. for the purchase of the property, and agreed with A. for a share in the consideration paid by plaintiff, and by fraudulent representations as to the consideration paid by A. induced plaintiff to assign to him certain bonds, and that the contracts had been fully consummated, in which both defendants disputed the allegations as to plaintiff's right to an accounting, and T. asserted plaintiff's knowledge and acquiescence in his agreement with A., and the receiver alleged that T. concealed the contract from his partners, and that it was business inuring to the firm, and asked a separate accounting by T., the rights of plaintiff did not involve an accounting by T. to the firm, and the court's order, on its own motion, referring all the issues, was erroneous.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. § 8.*]

---

Appeal from Special Term, New York County.

Action by George E. Fisher against Ezra A. Tuttle and another. From an order of reference made by the court of its own motion, when the case was reached for trial, plaintiff appeals. Order reversed, and motion denied, and cause directed to be restored to the calendar.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Clifford C. Roberts, of New York City, for appellant.
L. W. Naylor, of New York City, for respondent Tuttle.

LAUGHLIN, J. The recitals in the order of reference indicate that the learned justice presiding at Special Term was of opinion that it would be necessary to have an accounting before a referee in this action ultimately, and that it seemed advisable to refer all the issues; and it may well be that from the informal discussion of these matters, recited in the order, the court expected that both sides would acquiesce in the order of reference. The order, however, does not show that plaintiff consented, and it is not claimed that he did. Therefore he has a right to review the order.

[1, 2] It is argued, in support of the order, that a cause is referable if it appears, either by the issues presented by the complaint or by those presented by the answer, that a long account is involved, and that a copartnership accounting is required by one answer, which clearly makes the issues referable. That, however, is not a correct statement of the rule. Where an issue, arising on an allegation of the complaint put in issue by a denial contained in the answer, with or without other controverting allegations presenting a defense, is triable by a jury, and it satisfactorily appears by the nature of the defense to such controverted allegations of the complaint that the trial will involve the examination of a long account, a compulsory order of reference may be granted, pursuant to the provisions of section 1013 of the Code of Civil Procedure. Irving v. Irving, 90 Hun, 422, 35 N. Y. Supp. 744, affirmed 149 N. Y. 573, 43 N. E. 987. But where the determination of such an issue will not involve the examination of a long account, the action does not become referable merely because a counterclaim pleaded by the defendant will involve the examination of a long account (Steck v. C. F. & I. Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67; Snell v. Niagara Paper Mills, 193 N. Y. 433, 86 N. E. 460, 25 L. R. A. [N. S.] 264); and in a suit in equity, if the right to and scope of an accounting appear by the pleadings, an interlocutory judgment may be entered on motion on the pleadings, but the issues upon which the right to an interlocutory judgment for an accounting depends, if contested, must be tried by the court, and an interlocutory judgment determining generally the rights of the parties and the scope of the accounting must be entered before there can be a reference to take the accounting (Empire State Telephone & Telegraph Co. v. Bickford, 142 N. Y. 224, 36 N. E. 881; Hilton v. Hughes, 5 App. Div. 226, 39 N. Y. Supp. 204; Post v. Van Siclen, 132 App. Div. 796, 117 N. Y. Supp. 554; Knox v. Gleason, 63 App. Div. 99, 71 N. Y. Supp. 213; Weldon v. Brown, 84 App. Div. 482, 82 N. Y. Supp. 1051; Gibson v.

Widman, 106 App. Div. 388, 94 N. Y. Supp. 593; Horst v. Stocker, 134 App. Div. 771, 119 N. Y. Supp. 372; Goodman v. Roth, 135 App. Div. 515, 120 N. Y. Supp. 328).

[3] The pleadings are quite long and somewhat complicated; but it may be said, with sufficient accuracy for the purpose of deciding the question presented by the appeal, that the suit is in equity by a client against one of his attorneys, who was a member of a firm of three, and the receiver of the firm, to compel the surrender and cancellation of a certain promissory note made by the plaintiff for $8,000, and the surrender of a bond delivered as collateral security therefor, and to impress upon any property in the hands of the defendants, or under their control, received pursuant to a certain agreement between the plaintiff and one O'Connor, or a certain other agreement between O'Connor and the defendant Tuttle, or upon the proceeds thereof, a trust in favor of the plaintiff, and to require the defendants to account to the plaintiff therefor, and for damages alleged to have been sustained by plaintiff by a breach of duty on the part of the defendant Tuttle while acting as his agent and attorney. The plaintiff claims that he employed the defendant Tuttle as his agent to purchase certain notes and securities from O'Connor, and that in the course of this employment Tuttle negotiated a contract, which was executed in writing by the plaintiff and O'Connor, for the purchase of the property, and that in so doing the defendant Tuttle was false to his trust and entered into an agreement with O'Connor to share a one-half interest in the consideration to be paid by the plaintiff, and for the purpose of inducing O'Connor to give him such interest agreed to and did induce the plaintiff, by false and fraudulent representations with respect to the consideration exacted by O'Connor, to agree to assign to O'Connor certain bonds of the par value of $60,000, and that the contract between the plaintiff and O'Connor was fully consummated, and the defendant Tuttle has received from O'Connor one-half the consideration paid to O'Connor by the plaintiff.

Both defendants put in issue the material allegations of the complaint with respect to the right of the plaintiff to an accounting for any part of the consideration received by the defendant Tuttle under the agreement between him and O'Connor, and the defendant Tuttle asserts that he alone was interested in his agreement with O'Connor, and that plaintiff had full knowledge thereof and acquiesced therein, and the receiver pleads that Tuttle concealed his contract with O'Connor from his partners, and that the transactions were all firm business, and that the contract enured to the benefit of the firm. Both defendants demand a dismissal of the complaint; but the receiver asks for a copartnership accounting by Tuttle.

The third member of the firm, one Nichols, is not a party to the action; and it is manifest that there can be no partnership accounting without his presence. It would seem that upon no theory of the case can the plaintiff's rights involve an accounting of the copartnership of the attorneys. It is quite clear that the plaintiff's right to an accounting will depend upon the determination of the allegations presented by his complaint, which are put in issue by the answers. If, as Tuttle claims, the plaintiff negotiated the contract with O'Connor, or if Tuttle

negotiated it, and procured the best contract obtainable, and, as he claims, the plaintiff was aware that it became necessary for him to join with O'Connor to the extent of a one-half interest in order to induce O'Connor to purchase and transfer the notes and other securities to the plaintiff, and with full knowledge of all material facts freely consented thereto in advance, then manifestly the plaintiff will not be entitled to an accounting, and final judgment may be entered dismissing the complaint; but if it shall appear that he is entitled to an accounting, and the court does not take it, the facts upon which his right thereto depends should be determined in his favor, and an interlocutory judgment entered prescribing the scope of the accounting and appointing a referee to take it.

It follows that the order should be reversed, with $10 costs and disbursements, and the cause directed restored to the Special Term calendar for trial. All concur.