ROBERT L. OWEN et al., Respondents, *v.* H. WALTER BLUMENTHAL et al., Individually and as Copartners under the Name of HALLGARTEN & COMPANY et al., Appellants.

Argued November 22, 1938; decided February 28, 1939.

*Allen W. Dulles, Emery H. Sykes* and *Edward G. Miller, Jr.,* for appellants. The issues may not properly be determined upon summary application pursuant to rules 113 and 114 of the Rules of Civil Practice. (*Dwan* v. *Massarene,* 199 App. Div. 872; *General Investment Co.* v. *Interborough R. T. Co.,* 235 N. Y. 133; *Gravenhorst* v. *Zimmerman,* 236 N. Y. 22; *Curry* v. *Mackenzie,* 239 N. Y. 267; *King Motor Sales Corp.* v. *Allen,* 209 App. Div. 281; *Munoz & Co.* v. *Savannah Sugar Refining Corp.,* 118 Misc. Rep. 24.) A proper determination of the issues may not be reached without the Municipality of Medellin being joined as a party. (*Christian* v. *Atlantic & N. C. R. R. Co.,* 133 U. S. 233; *Baldwin* v. *Chase Nat. Bank,* 16 Fed. Supp. 918; *Lamont* v. *Travelers Ins. Co.,* 254 App. Div. 511; *Gallopin* v. *Winsor,* 234 App. Div. 601; *Ezra* v. *Lamont,* 149 Misc. Rep. 912; 241 App. Div. 805; 265 N. Y. 635; *Minnesota* v. *Northern Securities Co.,* 184 U. S. 199; *Bradford* v. *Chase Nat. Bank,* 24 Fed. Supp. 28.)

*John Ross Delafield, Wilmurt B. Linker* and *Leonard L. Barrett, amici curiæ.* The acts or omissions of a corporate trustee or fiscal agent with respect to funds which it has never received are not the proper subject of an accounting in the absence of the establishment of wrongdoing by the corporate trustee or fiscal agent. (*Pybus* v. *Smith,* 1 Ves. Jr. 189; *Osgood* v. *Franklin,* 2 Johns. Ch. 1; 14 Johns. 527; *Jackson* v. *Andrews,* 98 N. Y. 672; *Husted* v. *Thomson,* 158 N. Y. 328; *New York, P. & B. R. R. Co.* v. *Dixon,* 114 N. Y. 80.)

*John W. Kelly, Frank J. Podesta* and *Benjamin Rockmore* for respondents. The issues may properly be determined upon summary application pursuant to rules 113 and 114 of the Rules of Civil Practice. (*Matter of Brunswick,* 143 Misc. Rep. 573; *Gillies* v. *Gillies,* 239 App. Div. 582; *Sayer* v. *Wynkoop,* 248 N. Y. 54; *City Bank Farmers Trust Co.* v. *Charity Organizations Society,* 238 App. Div. 720; 264 N. Y. 441; *Talmudic Literature Publishers, Inc.,* v. *Lewin,* 226 App. Div. 1; *Fur & Wool Trading Co.* v. *Fox, Inc.,* 245 N. Y. 215; *McClelland* v. *Norfolk Southern R. R. Co.,* 110 N. Y. 469; *Batchelder* v. *Council Grove Water Co.,* 131 N. Y. 42; *Coutts* v. *Kraft & Bros. Co.,* 119 Misc. Rep. 260; 206 App. Div. 625; *Second Nat. Bank* v. *Kean,* 203 N. Y. Supp. 909; *Frethey* v. *Durant,* 24 App. Div. 58; *O'Meara Co.* v. *National Park Bank,* 239 N. Y. 386; *Lion Brewery* v. *Loughran,* 223 App. Div. 623; *Tilton* v. *Gans,* 155 App. Div. 612; *Child* v. *O'Rourke,* 122 App. Div. 325.)

*Per Curiam.* A motion for summary judgment has been granted, and a referee appointed and directed to take testimony and report, not only in connection with taking and stating the accounts, but " to ascertain and report concerning all of the acts or omissions of the defendants * * *, which acts or omissions may have affected the failure to receive more, or may have caused a diminution, of the funds and securities now held by the said defendants * * *." In so far as an accounting is based upon wrongdoing thus alleged, it may not be had unless such wrong-

doing is first established. (*New York, P. & B. R. R. Co.* v. *Dixon*, 114 N. Y. 80, 85; *Husted* v. *Thomson*, 158 N. Y. 328, 336; *Jackson* v. *Andrews*, 98 N. Y. 672, 675; *Pybus* v. *Smith*, 1 Ves. Jr. 189; *Osgood* v. *Franklin*, 2 Johns. Ch. 1, 27; affd., 14 Johns. 527.) The bondholders are entitled to an accounting, but the extent of the accounting depends not alone upon the so-called Fiscal Agency Agreement, but upon the course of conduct of the fiscal agents and whether the defendants have properly performed their duties as fiduciaries.

The motion for summary judgment should, therefore, have been denied.

Upon the trial of all the issues an opportunity may be afforded to the Municipality of Medellin to be made a party.

The orders should be reversed, without costs, and the motion denied. The first question certified is answered in the negative, and the remaining questions are not answered.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN, J., taking no part.

Ordered accordingly.