## HOUGHTON MIFFLIN CO. v. STACK-POLE SONS, Inc., et al.

District Court, S. D. New York.
Feb. 2, 1940.

Hines, Rearick, Dorr & Hammond, of New York City (Archie O. Dawson, of New York City, of counsel), for plaintiff.

Philip Wittenberg, of New York City, for defendants.

CONGER, District Judge.

This is a motion for summary judgment in an action to restrain infringement of a copyright to the book "Mein Kampf", written by Adolf Hitler. The plaintiff made an application for a preliminary injunction, which was denied. Upon an appeal to the Circuit Court of Appeals for this circuit, this ruling of the district court was reversed, and the preliminary injunction was granted. 2 Cir., 104 F.2d 306; writ of certiorari denied, United States Supreme Court, 60 S.Ct. 131, 84 L.Ed. ——, October 23, 1939.

The plaintiff is now moving for a summary judgment granting a permanent injunction. The defendant objects to the granting of this motion on the ground that there are two main issues which the plaintiff has failed to establish: (1) that title is in the plaintiff; and (2) that the copyrights are valid.

Upon reading the decision of the Circuit Court of Appeals, I am of the opinion that defendants' contention cannot be sustained. The Circuit Court has held that title is in the plaintiff, and that the copyrights are valid. It has further held that since the Copyright Law makes the Certificate of Copyright prima facie evidence of the facts stated therein (17 U.S.C. § 55, 17 U.S.C.A. § 55), and since the certificate has not been controverted by any affidavits or evidence, the preliminary injunction must issue.

Upon this application there are no new facts presented, other than those that were before the Circuit Court. The only issue presented here is the contention of defendants that the plaintiff has not made out a prima facie case. It seems to me that this has been fairly and squarely passed on by the Circuit Court, and that therefore there is no real and genuine issue of fact to be presented to the trial court. Under all these circumstances it seems useless and idle to allow this case to go to the trial court which would be faced with the decision of the Circuit Court, which has decided the issues herein.

The defendants argue that summary judgment cannot be had in an action for permanent injunction. I cannot hold with defendants on this issue. Rule 56, 28 U.S.C.A. following section 723c, makes no distinction as to the character or kind of judgment which can be rendered. I can see no reason, under this rule, to differentiate between a case of this kind and any other case.

There being no question of fact to be presented to the trial court, I see no reason why summary judgment cannot be granted. As stated in Moore's Federal Practice, (p. 3177): "Rule 56 is the first instance where the procedure may be employed in any action, whether formerly denominated legal or equitable, and whether the claim is liquidated or unliquidated."

Motion granted. Pursuant to Rule 53, this action is referred to a master to take evidence and pass on the issue as to the damages to the plaintiff, and to require an accounting of, and pass on, the profits of the defendants to which the plaintiff may be entitled. Settle order on notice.