**HOUGHTON MIFFLIN CO. v. STACKPOLE SONS, Inc., et al.**

**No. 341.**

Circuit Court of Appeals, Second Circuit.

July 17, 1940.

Philip Wittenberg, of New York City, for appellants.

Hines, Rearick, Dorr & Hammond, of New York City (Archie O. Dawson, of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PER CURIAM.

■ This court affirmed a temporary injunction in this case (Houghton Mifflin Co. v. Stackpole Sons, Inc., 2 Cir., 104 F. 2d 306), and the Supreme Court denied certiorari (308 U.S. 597, 60 S.Ct. 131, 84 L.Ed. ——). Thereupon, the plaintiff moved for summary judgment upon affidavits under Rule 56, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which the judge granted; the defendants appeal. Our earlier opinion states the general situation in detail, and we need not repeat what we said. The only question before us now is whether there is any issue, relevant to the merits of the case, which deserved trial. We have already decided that a person who was neither citizen nor subject of any government could take out a copyright. Therefore, the citizenship of Adolph Hitler is not a material issue; nor is it of the least consequence that the complaint alleged that he was a citizen of a state with whom the United States had reciprocal relations. The authorship of the both volumes of "Mein, Kampf" is beyond dispute; indeed, we understand that it is conceded. The next issue is whether the German publisher had title to the literary property in the work. We held so before, thinking that it was proved well enough by the fact that the same house had published the original German edition of 1925 and 1927, and had copyrighted it in the United States. This is the edition which the defendant, Stackpole & Sons, used for the infringing translation. It is possible that before January, 1933, a German publisher might have made unauthorized use of the manuscript of "Mein Kampf"; but we held before, and we hold now, that, considering the author's power and position in Germany after that time, it would be unreasonable to suppose that anyone would have been allowed to do so. If then this publisher did in fact assume to assign its copyright in July, 1933, in accordance with the purported assignment attached to the complaint, we think that the plaintiff made out a case even for summary judgment. If it were possible to try out the issue of the German publisher's title in the ordinary way, more could be said for a trial, but of course it is not. No further light can be thrown upon it, and we should be in precisely the same position after a trial as at present.

■■ That is not true, however, of the execution of the assignment of July 29, 1933. We have passed upon its legal effect, and upon its validity in spite of the absence of the consular certificate required by § 43, Title 17, U.S. Code, 17 U.S.C.A. § 43; but we did not finally pass upon its execution; that is to say, upon the identity of the person who signed it and his authority to act for the German publisher. The fact that we held the prima facie proof of this sufficient for a temporary injunction is not conclusive. Ordinarily, it is true, the plaintiff must establish his title without dispute, but we had to choose between a denial of any real relief at all and accepting the case as made. The more recent authorities in copyright hold that a prima facie case will serve, if justice demands. American Code Co. v. Bensinger, 2 Cir., 282 F. 829, 835; Houghton Mifflin Co. v. Stackpole Sons, supra, 104 F.2d 306, 307. The plaintiff does not suggest that no witnesses to the execution of the assignment are available; it was a party to the transaction; presumably it has access to the evidence; certainly the defendants have not. We do not think that they should be made to accept the very general conclusions of the plaintiff's affidavits. It should produce its evidence in the regular way, and submit its witnesses to cross-examination.

■ As to the failure to deposit two copies of the second volume, that will be important only upon the issue of damages, if it will be then. The defendants' edition being in one volume must be enjoined in any event. We can see no conceivable reason why Rule 56 should not apply to copyright injunctions.

Therefore, if the defendants wish a trial upon the single issue of the execution of the assignment of Franz Eher Nachfolger G.m.b.H. to the plaintiff, they may have it. The judgment will be reversed so far; meanwhile the temporary injunction will remain in force.

Judgment modified in accordance with the foregoing.