## HOUGHTON MIFFLIN CO. v. STACKPOLE SONS, Inc., et al.

District Court, S. D. New York.

Sept. 26, 1940.

A word should be said with respect to defendants' request that the testimony of Weidemann be taken by oral examination. I will permit such oral examination in lieu of interrogatories on condition that defendants pay plaintiff's attorneys their reasonable expenses to attend at an oral examination of Fritz Weidemann in San Francisco. Otherwise denied. Submit order on notice.

Hines, Rearick, Dorr & Hammond, of New York City (Archie O. Dawson, and John D. Mooney, both of New York City, of counsel), for plaintiff.

Philip Wittenberg, of New York City, for defendants.

MANDELBAUM, District Judge.

This is a motion by defendants, pursuant to Rules 30 and 31 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order that the deposition of one Fritz Weidemann shall not be taken upon written interrogatories as proposed by the plaintiff, or in the alternative, that it may be taken only on an oral examination.

The action is brought under the Copyright Laws of the United States for an alleged infringement of the book "Mein Kampf" for which it is asserted the plaintiff has been assigned the United States Copyright rights. The interrogatories seek to question the witness with respect to the signature upon the assignment of the copyright rights and his knowledge of the status of the person whose signature appears thereon.

As I interpret the opinion of the Circuit Court of Appeals in this case (Houghton Mifflin Co. v. Stackpole Sons, Inc., et al., 2 Cir., 113 F.2d 627), plaintiff has the burden of proving the execution of the assignment of July 29, 1933. The plaintiff endeavors to obtain this evidence by way of interrogatories and it should be allowed to prove its case in its own way. All the objections which defendants make here with respect to the competency and materiality of the interrogatories will be before the court at the trial. Rule 32(c) of the Federal Rules of Civil Procedure. If such objections are then sustained, there will be no injury or prejudice to defendants.