## HOUGHTON MIFFLIN CO. v. STACK-POLE SONS, Inc., et al.

District Court, S. D. New York.

Aug. 7, 1941.

Hines, Rearick, Dorr & Hammond, of New York City (Archie O. Dawson and John D. Mooney, both of New York City, of counsel), for plaintiff.

Philip Wittenberg, of New York City, for defendants.

NEVIN, District Judge (sitting by designation).

This is an action under the Copyright Laws of the United States, Title 17, U.S. C.A., § 1 et seq. Plaintiff alleges that it is the proprietor in the United States of the copyright to the literary composition entitled "Mein Kampf" by Adolph Hitler and that such copyright has been infringed by defendants. The action was commenced on January 28, 1939. The facts are stated in detail in decisions (to which reference is hereafter made) in this case, previously reported. It is unnecessary, therefore, to repeat them here.

On February 15, 1939, plaintiff moved for a preliminary injunction. On February 28, 1939, that motion was denied by the District Court. Plaintiff appealed to the Circuit Court of Appeals which reversed

the District Court, with instructions to issue the preliminary injunction as prayed for. 2 Cir., 104 F.2d 306. Subsequently, defendants petitioned for writ of certiorari to the United States Supreme Court. This petition was denied October 29, 1939. 308 U.S. 597, 60 S.Ct. 131, 84 L.Ed. 499. Thereafter plaintiff moved for summary judgment. This motion was granted by an order of the District Court dated February 14, 1940, and plaintiff was awarded a permanent injunction. 31 F.Supp. 517. Defendants then appealed to the Circuit Court of Appeals. On the appeal the Court of Appeals ordered the judgment of the Court below modified in accordance with its opinion. 2 Cir., 113 F.2d 627. Meanwhile, the temporary injunction remained in force.

The mandate of the Circuit Court of Appeals was made the judgment of this (District) Court by order dated December 18, 1940 (filed January 2, 1941). It is provided in this order that: " * * the order of this Court, dated February 14, 1940, be, and the same hereby is, modified in accordance with said opinion of said Circuit Court of Appeals by providing therein that the issue as to the execution of the assignment of copyright of Franz Eher Nachfolger G.m.b.H. to the plaintiff, Houghton Mifflin Company is actually and in good faith controverted and that a trial should be had thereon and that all other material facts in the case are without substantial controversy."

The single issue presented, therefore, for determination upon the present trial is as to the execution of the assignment of copyright from Franz Eher Nachfolger G.m.b.H. to plaintiff, Houghton Mifflin Company. As stated by the Circuit Court of Appeals, the proof was to be as to "the identity of the person who signed it and his authority to act for the German publisher." 2 Cir., 113 F.2d 627, 628.

Before passing to the immediate question involved, several other matters may properly be noted: (1) the identity of the person who executed the assignment on behalf of plaintiff, Houghton Mifflin Company, and his authority so to act, was conceded upon the trial—there is, therefore, no issue as to this; (2) defendants themselves do not claim any title to these copyrights—they merely challenge plaintiff's title; (3) the signature "Amann" subscribed immediately following the printed words "Proprietors Frz. Eher

Nachf., G.m.b.H." appearing at the end of the assignment (Pl. Ex. No. 1) is the signature of one Max Amann, of Munich, Germany. (4) As appears of record (S.M. pp. 21, 22, 67, 71) certain evidence offered on behalf of plaintiff was admitted over defendants' objection. Defendants also moved (S.M. same pages) that this evidence, for the reasons there stated, be stricken. At the time the court withheld decision on this motion. It is here and now overruled. (5) Defendants offered no proof whatsoever. As to this, the record shows (S.M. P. 71) the following: "Mr. Dawson: (Of counsel for plaintiff) The plaintiff rests. Mr. Wittenberg: (Counsel for defendants) The defendant rests." However, after having rested, defendants moved (S.M. P. 71) "to dismiss the Complaint" for the reasons and upon the grounds appearing in the record. Here again, the Court did not pass on the motion at the time of trial. That motion (to dismiss) is likewise here and now overruled.

As heretofore indicated, the issue presented has two aspects: (1) the identity of the person who signed the assignment, and (2) his authority to act for the German publisher. Plaintiff's proof was addressed to these specific points. No useful purpose would be served in detailing that evidence here—it is all a matter of record, open to the perusal of anyone interested. For present purposes, it is enough to say that, as disclosed by the record, it was competent, relevant and sufficient. It was adequate on all material matters to sustain the burden placed on plaintiff to establish its case.

█ Defendants urge that plaintiff has not presented "the best evidence which the case affords" and submit that this (quoting from Tayloe v. Riggs, 1 Pet. 591, 596, 7 L.Ed. 275) "raises a presumption, that, if produced, it might not operate in his [Plaintiff's] favor." However, plaintiff was not bound to offer proof according to some standard fixed by defendants nor is there anything to warrant an inference that there was a "withholding" of evidence (the basis of the foregoing quotation from the Tayloe case) upon the part of plaintiff, or in its behalf. The Court of Appeals in its decision (2 Cir., 113 F.2d 627, at page 628) stated that plaintiff "should produce its evidence in the regular way, and submit its witnesses to cross-examination."

This plaintiff has done, and done in probably the only feasible way possible in view of the present state of world affairs.

Upon a consideration of the whole of the record and the applicable law, the court has arrived at the following Findings of Fact:

1. The assignment of copyrights from Franz Eher Nachfolger G.m.b.H., to plaintiff, dated July 29, 1933, was signed on behalf of Franz Eher Nachfolger G.m.b.H., by one Max Amann, whose signature appears thereon immediately following the words "Proprietors Frz. Eher Nachf., G. m.b.H."

2. Max Amann, at the time of the execution of the assignment on behalf of Franz Eher Nachfolger, G.m.b.H., was the managing director thereof.

3. Max Amann, as such managing director, had power and authority to act for and bind Franz Eher Nachfolger G.m.b.H. by such execution of an assignment of copyrights on its behalf.

4. The assignment was signed on behalf of plaintiff Houghton Mifflin Company, by one Roger L. Scaife, whose signature appears thereon immediately following the printed words "Publishers Houghton Mifflin Company".

5. Roger L. Scaife had authority to act for and bind plaintiff Houghton Mifflin Company by such execution of the assignment on its behalf.

### Conclusions of Law.

1. The assignment of copyright from Franz Eher Nachfolger G.m.b.H. to plaintiff, dated July 29, 1933, was validly executed by and between Franz Eher Nachfolger, G.m.b.H., and plaintiff, Houghton Mifflin Company, and is binding upon them.

2. The entire right, title and interest in and to the copyrights of Franz Eher Nachfolger G.m.b.H. on the literary composition entitled "Mein Kampf", filed in the Copyright Office in the United States of America, is, and at all times subsequent to July 29, 1933, has been vested in plaintiff, Houghton Mifflin Company.

3. Plaintiff, Houghton Mifflin Company, is entitled to judgment permanently enjoining and restraining the defendants, Stackpole Sons, Inc., and the Telegraph Press, their officers, agents, servants, employees and attorneys, from infringing said copyrights on the literary composition "Mein Kampf" and during the term of said copyrights from printing, publishing, selling, distributing or offering for sale or distribution said literary composition "Mein Kampf"; and directing that plaintiff recover of said defendants such damages, if any, as it may be entitled to, as well as the profits, if any, which defendants have received by reason of the infringement by defendants of said copyrights.

Counsel may prepare and on notice submit to the Court a decree awarding judgment in accordance with the foregoing rulings, findings and conclusions. Unless the decree is agreed to by counsel for the respective parties before its submission the court will not approve it, however, until counsel have had an opportunity to be heard. This is in accordance with the arrangement made in open court at the time of oral argument due to a claim asserted by defendants that because (as defendants contend): "There have never been any findings of fact or conclusions of law in this case. * * * There is an inadequate basis for the entry of any interlocutory judgment".