## IRVING TRUST CO. v. McKEEVER.
### No. 1452.

District Court, E. D. New York.
Aug. 25, 1941.

Cook, Nathan, Lehman & Greenman, of New York City (Edgar M. Souza, and Ross Kenyon, both of New York City, of counsel), for plaintiff.

Husin & Miller, of New York City (Irvin Husin, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is a motion made on behalf of the plaintiff under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for summary judgment directing the defendant to account herein and for an order of reference.

Plaintiff contends that the only issue is plaintiff's right to an accounting by the defendant, and that this depends on the existence of a fiduciary relationship between said Harriet C. Taylor deceased, of whose last will and testament plaintiff, Irving Trust Company, is ancillary executor, and Harriet C. McKeever, defendant, and the delivery of securities by Mrs. Taylor to defendant pursuant to such relationship.

Plaintiff further contends that as to the existence of such relationship, and the delivery of securities to defendant thereon, the facts are established, and that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law under Rule 56 (c) of the Federal Rules of Civil Procedure.

Defendant contends that the plaintiff may not demand a summary judgment, as the complaint fails to allege that the plaintiff has no adequate remedy at law. Plaintiff contends that such allegation is not required under Rule 8(a) (2) and (3) of the Federal Rules of Civil Procedure, but whether such allegation is, or is not, required under Rule 8, the defendant has pleaded affirmatively that the plaintiff has an adequate remedy at law, and under Rule 15(a) of the Federal Rules of Civil Procedure the plaintiff undoubtedly could amend its complaint, as amendments are to be freely given.

The agreement in question was partly oral, and partly written, and it seems to me that there is a real dispute as to what was the agreement.

Further, if plaintiff is now seeking to recover on the alleged guarantee contained in such agreement, then the issue of lack of consideration would be very material, and might change the form of action from one simply for an accounting to one on contract.

If plaintiff is to have a judgment for an accounting, and for any amounts shown by such account to be due from defendant, then the facts as to the manner in which defendant acted, whether the property was lost in speculation, whether complete disclosure was made, and whether the plaintiff is seeking recovery only on the guarantee should be determined by the Court before it be sent to a Referee.

Defendant pleads several affirmative defenses; payment, statute of frauds, laches, statute of limitations, chargeability of plaintiff for losses, that plaintiff has an adequate remedy at law, and that the agreement alleged by the plaintiff was made without consideration, and while it is true there is evidence that might take the case out of the statute of limitations, and avoid the defense of laches, the defendant does tender an issue of fact that is disputed as to the other defenses.

The following cases, cited on behalf of the plaintiff, are not in point on this motion. Frethey v. Durant, 24 App.Div. 58, 48 N.Y.S. 839; Rose v. Durant, 86 App.Div. 623, 83 N.Y.S. 503; Jordan v. Underhill, 91 App.Div. 124, 86 N.Y.S. 620; Madison Trust Co. v. Carnegie Trust Co., 215 N.Y. 475, 109 N.E. 580; Potomac Insurance Company v. Kelly, 173 App.Div. 791, 160 N.Y.S. 161, and Insurance Co. of North America v. Whitlock, 216 App.Div. 78, 214 N.Y.S. 697, as in each of those cases there had been a trial, and the facts determined, which is certainly not so in the case at bar, as I have found there was a question of fact as to the agreement, and while those cases may be in point if plaintiff establishes the facts to be as it contends, they are not authorities on this motion.

The only case involving a summary judgment cited by plaintiff, Houghton Mifflin Co. v. Stackpole Sons, Inc., D.C., 31 F. Supp. 517, is not in point, as in that case the Court found there was no question of fact presented. On appeal, 2 Cir., 113 F.2d 627 the Court allowed the defendants a trial on a single issue.

Before an accounting is ordered there must be a finding by the Court on the issues tendered in the case as to the

right to the accounting, and as to its scope. Owen v. Blumenthal, 280 N.Y. 96, 100, 19 N.E.2d 977; Fisher v. Tuttle, 164 App. Div. 216, 218, 149 N.Y.S. 673; Empire State Telephone & Telegraph Company v. Bickford, 142 N.Y. 224, 226, 228, 36 N.E. 881; Wynkoop v. Wynkoop, 119 App.Div. 679, 104 N.Y.S. 296.

The motion is denied.