## McELWAIN v. WICKWIRE SPENCER STEEL CO.

### No. 188.

Circuit Court of Appeals, Second Circuit.

Feb. 21, 1942.

William L. Clay, of Rochester, N.Y., for appellant.

Dudley, Stowe & Sawyer, of Buffalo, N.Y. (Roy P. Ohlin and Alden B. Gomez, both of Buffalo, N. Y., of counsel), for appellee.

Before L. HAND, CHASE, and C. E. CLARK, Circuit Judges.

CHASE, Circuit Judge.

In this action, which was originally brought in the Supreme Court of New York for Niagara County to recover for permanent partial disability from an occupational disease and was removed to the District Court for the Western District of New York on the ground of diversity, a summary judgment for the defendant was entered upon its motion supported by affidavits and opposed with counter affidavits filed by the plaintiff. From that judgment under Rule 56 Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the plaintiff has taken an appeal.

It appears from the record that the appellant was in the employ of the appellee at times between 1918 and 1936. He was last so employed from September 1934 to November 1936 when he worked at various jobs in and about appellee's dolomite limestone quarry and its grinding mills located near Gasport, New York. In so doing, the appellant had at times to work in air more or less laden with dust and other impurities

and the appellee was required under the provisions of the New York Labor Law Consol.Laws N.Y. c. 31, to take steps to minimize the resulting danger that the appellant might contract an occupational disease, in this instance silicosis. Whether the appellee did perform this duty was one contested issue.

Another such issue was whether the appellant's alleged condition was due solely to such exposure before September 1, 1935, the effective date of the applicable provisions of the New York Workmen's Compensation Law, Consol.Laws N.Y. c. 67, as amended by Chap. 254 of the Laws of 1935 and Chap. 887 of the Laws of 1936 to the effect that the exclusive remedy of any employee for occupational injury due to dust shall be under the last named statute when the last exposure to such hazards occurred after September 1, 1935.

The third issue, which would arise only after a determination that the appellant's last exposure to such hazards was after September 1, 1935, was whether, in that event, the limitation of his remedy for injuries, both prior and subsequent to the named date, to the provisions of the New York Workmen's Compensation Act was constitutional.

The appellant alleged that he was suffering from an occupational disease wholly contracted when working for the appellee before September 1, 1935 and that in his subsequent work for the appellee he was not so exposed to the hazards complained of as to make the New York Workmen's Compensation Act applicable; and, in the alternative, that if that statute did apply to his cause of action in respect to injuries received before September 1, 1935 it was unconstitutional under the Fourteenth Amendment as well as under §§ 3, 5, and 6 of Art. I of the New York constitution.

We think the issue of fact as to whether or not the appellant was exposed to the hazard after September 1, 1935, was so in dispute on the affidavits filed by both parties that a contested material issue of fact was presented which could not be resolved on motion before trial. The facts so shown in behalf of the appellant were that the character of his work changed substantially during August 1935; that he then stopped working in the dusty atmosphere of the silos where the pulverized stone was stored and from which it was put into bags for shipment; and that thereafter he worked out of doors in the quarry and elsewhere. Appellant's deposition was also before the court and in that he gave some rather confused testimony as to the dates of his employment by the appellee; reiterated his statement as to the changed conditions under which he worked after some time in August 1935; and said that whenever he was in the dusty silos after September 1, 1935, he always wore a respirator which the appellee furnished to him in August 1935. The affidavit of a fellow employee, Joseph Nicolia, corroborated much of what the appellant so stated.

In opposition to these factual claims of the appellant and in support of its motion for summary judgment under Rule 56, F. R. C. P., the appellee filed affidavits in which the superintendent of the quarry swore that the appellee's records disclosed that there was no substantial change in the conditions under which the appellant worked during his last three periods of employment by the appellee which were from September 7, 1934 to December 8, 1934; from the week ending January 19, 1935 to the week ending December 2, 1935; and the week ending March 7, 1936 to the week ending November 6, 1936. Also that during each of these periods the appellant was employed both inside and outside and that no respirators were used at the Gasport plant until May 12, 1936, some eight months after the appellant swore he had worn one there which the appellee provided for his use. As to the time respirators were first used at the plant, the superintendent was corroborated by the affidavit of his brother, the foreman at the quarry.

With the material fact as to whether or not the appellant had been exposed to a dust hazard during the time he worked for the appellee after September 1, 1935 left as uncertain as it was, it was error to grant the motion for summary judgment. Rule 56(c) F. R. C. P. provides for the entry of a summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Where there is a substantial dispute as to a material fact it cannot be said that the only issue is one of law. Houghton Mifflin Co. v. Stackpole Sons, Inc., et al., 2 cir., 113 F.2d 627; Whitaker v. Coleman, 5 cir., 115 F.2d 305; Miller v. Miller, App.D.C., 122 F.2d 209.

The constitutionality of the New York Workmen's Compensation Act, as amended, will only be an issue when, and if, it is determined upon a trial that the last exposure of the appellant was after the amendment became effective on September 1, 1935 and until it may become an issue on a subsequent appeal we make no attempt to pass upon it. We do not decide constitutional questions as to state statutes until the need for such action arises in the record before the court. Arkansas Fuel Oil Co. v. Louisiana ex rel. Muslow, 304 U.S. 197, 58 S.Ct. 832, 82 L.Ed. 1287; Baker v. Grice, 169 U.S. 284, 292, 18 S.Ct. 323, 42 L.Ed. 748.

Judgment reversed and cause remanded.