**ROBINSON v. WATERMAN STEAMSHIP CO. et al.**

**Civ. A. No. 4269.**

District Court, D. New Jersey.

May 6, 1948.

See also 7 F.R.D. 51.

Simon N. Gazan, of New York City, for plaintiff.

Carpenter, Gilmour & Dwyer, of Jersey City, N. J., for E. I. du Pont de Nemours & Co.

SMITH, District Judge.

This is a civil action in which the plaintiff asserts a claim for damages under R.S. 2:47–1 et seq., N.J.S.A. 2:47–1 et seq., commonly known as the Death Act, for the death of the decedent which she alleges was caused by the negligence of the defendants. Jurisdiction is founded solely upon diversity of citizenship. The action is before the Court at this time on a motion for summary judgment filed by the defendant E. I. du Pont de Nemours & Company, pursuant to the Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c.

The motion is supported by the affidavits of several employees of the defendant. The testimony thus offered refutes the allegations of negligence contained in the complaint, and, if credible and of sufficient weight, may defeat the claim of the plaintiff upon a trial of the action. These affidavits, however, present nothing but issues of fact which may not be summarily tried on a motion for summary judgment.

The said rule does not vest in the Court the jurisdiction to summarily try the factual issues on the affidavit submitted by the parties, but vests in the Court the limited authority to enter summary judgment only if it clearly appears therefrom that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167; Arnstein v. Porter, 2 Cir., 154 F.2d 464; Furton v. City of Menesha, 7 Cir., 149 F.2d 945; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Whitaker v. Coleman, 5 Cir., 115 F.2d 305. The complete absence of any genuine issue of fact must be apparent and all doubts thereon must be resolved against the moving party. Toebelman v. Missouri-Kansas Pipe Line Co., supra; Fishman v. Teter, 7 Cir., 133 F.2d 222; McElwain v. Wickwire Spencer Steel Co., 2 Cir., 126 F.2d 210.

The plaintiff's objection to the entry of summary judgment is based solely upon the affidavit of counsel. This affidavit does not meet the requirements of the rule because it is obvious that the affiant is not a competent witness. This failure of the plaintiff to adequately meet or controvert the testimony of the defendant's affidavit is not fatal, however, to the plaintiff's objection.

The language of Judge Frank in the case of Arnstein v. Porter, supra, is apposite here. It was therein stated, at

page 471 of 154 F.2d: "It will not do, in such a case, to say that, since the plaintiff, in the matter presented by his affidavits, has offered nothing which discredits the honesty of the defendant, the latter's deposition must be accepted as true. We think that Rule 56 was not designed thus to foreclose plaintiff's privilege of examining defendant at a trial, especially as to matters peculiarly within defendant's knowledge."

It is our opinion that the present record will not support a determination that there is no genuine issue as to any of the material facts, a determination essential to the entry of summary judgment. The motion for summary judgment will, therefore, be denied.