STATE OF DELAWARE, ex rel. LeRoy M. Mitchell, Nelson W. Meredith, Raymond E. Ringler, Robert D. S. Mustard, William F. Wilgus, Jr., and George B. Atkins, v. DANIEL F. WOLCOTT and JAMES B. CAREY, Associate Judges of the Superior Court of the State of Delaware at Large and for Sussex County respectfully constituting the Board of Canvass in and for Sussex County, Delaware.

(*May* 8, 1951.)

RICHARDS, C. J., TERRY, J., and SEITZ, V. CH., sitting.

*Daniel J. Layton, Jr.*, for Relators.

*James M. Tunnell, Jr.*, for Intervenors.

Supreme Court, February Term, 1951.

RICHARDS, C. J.:

The first and second reasons relied upon are based upon Rule 56 of the Superior Court and will be considered together.

Section (b) of Rule 56 which is applicable to this case provides: "A party against whom a claim, counterclaim or cross-claim is asserted may at any time prior to 10 days before the date set for trial, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof, subject to the provisions of Rule 56(bb)". Section (bb) has no bearing upon the question now before the Court.

It is contended on behalf of the relators that Rule 56(b) when considered in connection with Section (c) and (d) means a claim, counterclaim, or cross-claim for money, lands or chattels, and is not applicable to a proceeding of this character.

■ There is no doubt that the proceeding by summary judgment when adopted in England in 1855 applied only to cases of liquidated claims, but its application has been steadily enlarged and it is now employed in all actions at law, for liquidated or unliquidated claims, with a few exceptions as to torts and breach of promise to marry, and also in actions to recover lands or chattels. *Moore's Federal Practice, Volume 3, page* 3176.

A number of states in this country have statutes specifying the types of action in which motions for summary judgment may be resorted to, but we have no statute governing the procedure and Rule 56 does not limit it to any particular type of action.

■ We feel that the purpose of the Rule is to provide a method by which issues of law involved in proceedings may be speedily brought before the Court and disposed of without unnecessary delay. To limit it to particular types of action would destroy its usefulness.

We cannot agree that the case of *Loveland v. City of Oak-*

*land,* 69 *Cal. App.* 2d 399, 159 *P.* 2d 70, 72, supports the position taken by the relators. It is true that the Court used favorable language in the opinion but the controlling California statute provides that summary judgment applies only to "an action to recover upon a debt or upon a liquidated demand * * * or to recover an unliquidated debt or demand for a sum of money only arising on a contract express or implied in fact or in law * * *." *Code Civ. Proc.* § 437c.

In the case of *Houghton Mifflin Co. v. Stackpole Sons, Inc.,* (2 *Cir.*) 113 *F.* 2d 627, an action was brought for an alleged infringement of a copyright. The District Court of the United States, for the Southern District of New York, 31 F. Supp. 517, upon a motion for summary judgment awarded an interlocutory injunction. *Rules of Civil Procedure for District Courts,* Rule 56, 28 *U. S. C. A.* Upon appeal to the United States Circuit Court of Appeals, Second Circuit, that Court said "we think that the plaintiff made out a case even for summary judgment" [113 F. 2d 628].

In the case of *Lissauer v. Bertles,* 37 *F. Supp.* 881, a derivative suit was brought by a stockholder of a corporation in the United States District Court, for the Southern District of New York, to prevent threatened damage to the corporation. It was held that the issue could be raised and determined on the motion for summary judgment.

The fact that this proceeding was instituted in the Supreme Court makes no difference so far as the questions involved are concerned, because Rule 49 of this Court states: "When a petition is filed in this Court for a writ of mandamus the cause shall be heard according to the practice and procedure of similar causes in the Superior Court of this State".

Paragraph 4282, Section 9, of the Code of 1935, sets forth the method of proceedings in mandamus in the Superior Court. The final sentence of said section is in these words: "The said Superior Court shall have power to make any and all rules neces-

sary or convenient in and concerning the practice in such cases".

When the Superior Court adopted the rules which are now in force on January 1, 1948, they became applicable to mandamus proceedings instituted in the Superior Court.

Superior Court Rule 81 contains the following provision in reference to mandamus proceedings: "In the following matters the procedure shall conform to these rules so far as practicable and to the extent that this will not contravene any applicable statute; otherwise, the procedure in such matters shall remain as heretofore"; it then lists twenty forms of action including mandamus and divorces.

The committee which drafted the new rules advised the Court that the action of divorce was included in Rule 81 by mistake, consequently an amendment to the Rule was adopted provided that the word "divorces" as it appeared therein should be stricken out.

It is contended on behalf of the relators that because the Court considered an amendment to the Rule necessary in order to eliminate the action of divorce, that an amendment to the Rule was required in order to make the other types of action named therein, including mandamus, subject to the new rules. We are unable to agree with this contention. If as stated the Bar of the State seem to be agreed that those actions mentioned in Rule 81 are not within the scope of the Rule except by amendment, we are not aware of it.

In the case of *State ex. rel. Wahl v. Richards,* 5 *Terry* 566, 64 *A.* 2d 400, 403, in discussing the right of a party to intervene in a mandamus proceeding, this Court quoted from Rule 81 together with other rules of the Superior Court and then said: "These rules were promulgated after Rule 49 of this court went into effect, but its language seems to indicate that it was not intended to be confined to existing rules of the Superior Court".

The further contention is made that the proceedings by

mandamus may contravene the applicable statute which as above stated is Paragraph 4282 Section 9, of the Code of 1935, which is prohibited by Rule 81.

Said applicable statute provides for the filing of a petition upon which a summons shall issue requiring the defendant to appear and file an answer at a time to be fixed by the Court or any Judge, and for a hearing and determination of the cause as may be ordered. We are unable to see why that course cannot be followed in a mandamus proceeding. In fact, it has been followed in this case as far as it has proceeded.

The third reason relied upon in the motion to dismiss, is that a motion for summary judgment is never granted where there is a material issue of fact.

It is clearly stated in Rule 56(c) that if it appears from the pleadings, depositions and admissions on file, together with the affidavits, if any, that there is a genuine issue as to any material fact, a motion for summary judgment must be denied. This being the case, the question of whether there is a material issue of fact involved is one of the questions to be determined in every motion for summary judgment.

At the hearing in this case on the pending motion for summary judgment if it clearly appears that there is a material issue of fact involved, the motion will be denied.

The motion of the interveners to dismiss is denied.